STATE, Respondent, vs. MARSHALL & ILSLEY BANK OF MIL-
WAUKEE, Appellant.

*March 13—April 9, 1940.*

For the appellant there was a brief by *Churchill, Churchill, Davis & Rapkin* of Milwaukee, and oral argument by *Joseph E. Rapkin.*

For the respondent there was a brief by the *Attorney General, James Ward Rector,* deputy attorney general, and *N. S. Boardman,* assistant attorney general, and oral argument by *Mr. Boardman.*

FOWLER, J.   The action is by the state to recover from the defendant bank the funds deposited with said bank by divers persons and left unclaimed by said depositors for more than twenty years.   The action also demands recovery of the amount of certain cashier's checks, certified checks, and drafts issued by said bank which it has not been called upon to pay, and which have been outstanding for said term.   The action is grounded on sec. 220.25, Stats.

The statute, so far as here material, provides by sub. (1) that:

"When any person shall die intestate, without heirs, leaving on deposit or otherwise any fund, funds or property of any kind with any banking institution, or shall abandon such fund, funds or property, the same shall escheat to and become the property of the state, to be disposed of in the same manner as other escheated property."

Sub. (2) provides:

"Any person who shall have on deposit or otherwise with any banking institution any fund, funds or property of any kind, and shall not deal therewith for a period of twenty years by adding to or withdrawing therefrom, and shall not

have asserted any claim to such fund, funds or property for such period, shall be presumed, unless shown to the contrary, to have died intestate, without heirs, or to have abandoned such fund, funds or property."

The other subsections of the statute relate to the things to be done as conditions precedent to an action by the state under the statute and to the procedure to be followed to give the court jurisdiction of the action.

The complaint alleges compliance with all conditions precedent, and the record shows compliance with all jurisdictional requirements. The bank answered the complaint. A demurrer to the answer on the ground of insufficiency of the facts stated to constitute a defense was sustained. An amended answer was then served adding cashier's checks, certified checks, and drafts which were not included in the first answer. Demurrer to this answer was also sustained. No further answer was interposed, and more than sixty days expired when the state entered judgment upon its proofs made upon default of answer. The defendant bank appeared by counsel when the state's proof was made. The court found that the bank had on deposit $8,339.51, and had outstanding cashier's and certified checks and drafts to the amount of $585.98, a total of $8,925.49, all of which had remained uncalled for and in no manner dealt with by the bank for twenty years, and entered judgment against the bank for that amount, without costs. The bank appeals from the judgment.

The defenses interposed by the bank and its claims upon the appeal are that the statute on which the action is based violates the constitution of the United States: (1) For want of due process as to deposits and as to the other items included; and (2) for impairing the obligation of contracts as to both classes of items. Claim is also made that the court erred in not allowing the bank to deduct its expense of defending the action from the fund.

As far as deposits are concerned the case is plainly ruled by *Securities Savings Bank v. California,* 263 U. S. 282, 44 Sup. Ct. 108, 68 L. Ed. 301. A statute of California was there involved of precisely the same nature but specifically covering bank deposits only. The opinion of the California court in that case, reported in 186 Cal. 419, 199 Pac. 791, is more specific than the federal court decision in stating the statute involved. Both want of due process and impairment of contract obligations were asserted as rendering the statute unconstitutional. The body of the opinion states (p. 285) that "neither the due-process clause, nor any right of the bank under the contract clause, is violated" by the California statute.

As the California statute only mentions bank deposits, the federal court decision does not expressly cover the cashier's and certified checks and the drafts here involved. But it impliedly covers the latter under the reason of the decision. The basis of the decision is that "the unclaimed deposits are debts due by a California corporation with its place of business there. . . . The debts arose out of contracts made and to be performed there." So of the three items other than deposits here involved. These items created debts owing to the payees. If the statute is constitutional as to the one class of debts, it is so as to the other classes.

The instant statute is less reasonably open to criticism as denying due process than the California statute because by the California statute the action was required to be brought and the summons published in Sacramento county, while the instant statute designates the county in which the bank is located for the doing of these things, which presumably is more likely to give notice to claimants of the funds.

The appellant urges that because the instant statute refers to "fund, funds or property" left or had "on deposit or otherwise" it does not cover the three items involved other than deposits, because, as we assume it considers, that they are

neither funds nor property.   But the federal case by implication sufficiently covers this contention.   The opinion states, at the pages above cited: "Thus the deposits are clearly intangible property within the state.   Over this intangible property the state has the same dominion that it has over tangible property."   So as to the items other than deposits.   The amounts represented by them are also "intangible property."

The bank urges in defense that the state statute of limitations had destroyed the claimant's right of action to recover the funds, and that therefore the funds were not "on deposit or otherwise" when the statute went into effect.   If our statute of limitations has destroyed the claimant's rights it is no affair of the bank under the instant statute.   The bank's rights as against the state are not affected by it.   "The contract of deposit does not give the banks a tontine right to retain the money in the event that it is not called for by the depositor." *Securities Savings Bank v. California, supra,* p. 286.   The bank is not affected by the statute of limitations when it has no right to retain the money.

As the point involved is a federal question we are bound by the decision of the federal court.   We perceive no occasion for further discussion.

The appellant urges that the lower court should have allowed it the expense of its defense, to be retained out of the fund.   It does not so urge as a matter of right, but as matter of discretion.   Discretionary orders of a trial court cannot be disturbed except for abuse of discretion.   There was here no such abuse.

*By the Court.*—The judgment of the circuit court is affirmed.