Dowd, Respondent, vs. Palmer, Appellant.

*September 14—October 10, 1944.*

594

For the appellant there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Howard A. Hartman* and *Irving T. Babb* of counsel, all of Milwaukee, and oral argument by *Mr. Hartman.*

For the respondent the cause was submitted on the brief of *Victor A. Napieralski* and *Sydney C. Charney,* both of Milwaukee.

FAIRCHILD, J. An application for a new trial addressed to the sound legal discretion of the trial court should be granted only when in the consideration of the case, a substantial right of a party has been so dealt with that it has not been given its proper weight, thus making it reasonably clear that the

trial was not a fair one. The general conduct of a trial is largely within the discretion of the judge presiding, and serious mistakes as the case proceeds due to errors in rulings or because of prejudicial events intervening to such an extent as to unfairly influence the result may warrant if not require a new trial in the interest of justice. Slight evidence, however, may create a jury question and be sufficient to require that the ultimate finding of fact be made by the jury. And still a new trial may be granted if the overwhelming evidence is against the finding of the jury. On the other hand, the law contemplates but one fair trial.

The fact that the trial judge in a jury case may not entirely concur in the jury's verdict, if there is an absence of substantial incidents of a misleading nature clearly indicating that in the interest of justice there should be a re-examination of an issue of fact, does not give occasion for granting a new trial. In granting a new trial in the interests of justice, a cause must exist, and in its order the court is to set forth the reasons prompting it to make such order "in detail therein." In the event a new trial is granted, in the absence of such specification the order shall then "be deemed granted for error on the trial." Sec. 270.49 (2), Stats. Such an order cannot rest upon the assumption of a possibility that a different jury might reach a different conclusion. In reading the order appealed from after studying the record, we are impressed with the lack of a sufficient reason in law for the ruling of the trial court. A jury question clearly existed, and the question was properly submitted. The verdict is sustained by ample evidence. There is no room for the assertion of the existence of overwhelming evidence against the finding. There appears to be no doubt in the opinion of the learned trial judge that the driver of the car in which respondent was riding was guilty of negligence. In the judgment of the jury the respondent and the appellant were each free from negligence contributing to the respondent's injury.

The amount of damage suffered by respondent as found by the jury, even if to be considered at all as somewhat inadequate, does not establish perversity and under the circumstances of this case does not supply a reason for setting aside the verdict and granting a new trial.

*By the Court.*—Order reversed, and cause remanded with directions to enter judgment in defendant's favor.