STATE, Appellant, vs. FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Respondent.

*January 16—February 25, 1947.*

The cause was submitted for the appellant on the briefs of the *Attorney General, Stewart G. Honeck,* deputy attorney general, *Beatrice Lampert,* assistant attorney general, and

*James A. Nance* of Madison, and for the respondent on the brief of *Miller, Mack & Fairchild, Paul R. Newcomb,* and *Lynford Lardner, Jr.,* all of Milwaukee.

FAIRCHILD, J. With relation to the method devised by the legislature for the escheatage of unclaimed bank balances, the statutes and rules in equity, if such apply, governing the allowance of costs, do not permit the court in the exercise of its discretion to allow the transferring bank attorney fees. The only item chargeable against the accounts to be taken over by the state is for expense incurred by the bank in publishing notice to advise those whose interest may be affected that the time has come for the transfer of the amount due from the bank on such accounts to the state. Sec. 220.25 (3) (e), Stats.

The sections in the statutes regulating costs do not warrant the allowance asked for by respondent. Nor does the rule apply which permits a court under some circumstances to make an allowance out of a fund created or preserved at the expense of a party or where a common fund is brought into court. The bank has not created this fund; it has done little more to preserve it than it was already bound to the depositors to do. It was required by statute to report such inactive accounts to the state and to publish notice of those accounts, but for the expense of such notice the statute specifically provides for the bank's reimbursement. Instead of honoring the check of the depositor, the bank under the escheat statute delivers to the state. The state stands at that time in the place and stead of the depositors, and resistance by the bank to the paying over would be governed in one instance by the same rules as in the other.

The part of the judgment allowing the fee must be reversed.

The learned trial judge calls our attention to words used in affirming his ruling in *State v. Marshall & Ilsley Bank* (1940), 234 Wis. 375, 379, 291 N. W. 361, 363, which suggest that it is a discretionary order and a matter in which

an allowance of attorney fees may be made. The statement was passingly made as sufficient for that case, but it does carry an implication which does not find support in the statute. We were in error in putting our ruling with respect to this point upon the ground that the allowance of an attorney fee was in the discretion of the trial court. We accept responsibility for misleading the trial court in this case, and for reasons heretofore set forth withdraw the statement.

*By the Court.*—The part of the judgment appealed from is reversed, and cause remanded with directions to disallow the attorney fees.