BRADLE, Respondent, vs. JUUTI, Appellant.*

*September 7—October 3, 1950.*

* Motion for rehearing denied, without costs, on December 5, 1950.

524

*J. C. Raineri* of Hurley, for the appellant.
*Thomas M. Anich* of Ashland, for the respondent.

MARTIN, J.   The collision involved herein occurred about 2:45 a.m. on April 5, 1948.   United States Highway 2 is a concrete highway twenty feet wide with dirt shoulders six to to eight feet in width.   It has a center line and runs in a general easterly and westerly direction between the cities of Ashland and Hurley, Wisconsin.   The dirt driveway, about ten feet in width, of the Eino Aho farm intersects at right angles with Highway 2 from the south.   The impact occurred at a point about two miles west of the city of Hurley and approximately fifty feet east of the Aho driveway.   The road was straight, level, and dry, and the night was clear.

Plaintiff Joseph Bradle, accompanied by Ed. Soliwoda, was driving his 1946 Chevrolet one-half-ton truck easterly, and defendant John Juuti, accompanied by John Toivenen, was driving his 1933 Chevrolet one and one-half-ton platform truck westerly.

Plaintiff testified: That immediately before the accident he was driving between forty-five and fifty miles per hour and at no time did he drive over the center line of the road; that the Juuti truck was first visible coming around a curve; that he was swerving all over the road on both sides of the center line and was going approximately forty-five miles per hour; that when he first saw defendant, defendant was about eight hundred feet from where the accident happened, and he (plaintiff) was about twelve hundred feet from where the accident happened; that there was about two thousand feet between them and he could see defendant's lights all the time;

that when they were about one hundred feet apart it became apparent that an accident was going to happen; that he drove onto the shoulder of the road and when the right wheels of his vehicle were entirely off the concrete and the left front wheel was about two feet north of the south edge of the pavement the impact occurred; that the left front portion of defendant's truck struck the left side of his truck; that his truck tipped over and came to rest on its left side completely off the road with the headlights shining to the north toward the pavement; and that the defendant's truck ended up in the Eino Aho driveway coming to rest twenty-two to twenty-five feet from the end of the pavement when it collided with a car owned by Aho which was parked in the driveway.

Defendant testified: That he was driving between fifteen and twenty miles per hour; that he first saw plaintiff's vehicle when it was about two hundred feet away and that it was in the center of the road; that when they were about one hundred feet apart plaintiff started to cut over on defendant's side; that plaintiff was coming at such a speed that defendant gradually slowed down to a stop and was stopped when hit; that the left wheel of plaintiff hit and bent the frame of defendant's truck near the driver's seat, sideswiped and kept on going; that the impact damaged the steering mechanism of his vehicle and caused him to take his foot off the clutch; that as his foot slipped off the clutch pedal, his truck moved forward again and ended up in the Aho driveway behind the Aho car.

Ed. Soliwoda testified: That plaintiff was driving on a slight angle onto the south shoulder when the left front portion of the defendant's truck struck the left side of plaintiff's truck, subsequently sideswiping the entire left side, knocking the running board and the left rear fender off, everything off on that side, turned the rear wheels and left the drive shaft hanging out; that there was no damage to the front end of the plaintiff's truck.

Plaintiff and Soliwoda testified that an inspection of the highway was made with the aid of the sheriff who had a flashlight and came upon the scene forty-five minutes after the accident; that the skid marks were all in the south half or plaintiff's side of the highway; and that there was broken glass fifty feet east of the driveway, entirely on the south half of the pavement.

Eino Aho, who arrived on the scene five to ten minutes after the accident, testified that a skid mark led from the north half or defendant's side of the road to the left wheel of defendant's truck which came to a stop after the accident in the Eino Aho driveway, and that there was glass all over the pavement.

Plaintiff introduced an exhibit to show that the left front wheel of his truck was not damaged. Defendant Juuti was asked, "Can you show me any damage on that wheel?" and testified:

"No, according to this; this wheel might have been replaced since that picture was taken, that isn't the way it was during the accident, not the front end. That wheel has been fixed and replaced since then."

As appears from the statement of facts, the evidence presented by plaintiff and defendant was in sharp conflict as to how the accident occurred. A jury question existed, and the jury found for defendant.

The trial court issued an order granting a new trial because the verdict was contrary to the evidence and in the interest of justice. Respondent concedes that the order does not meet the requirements of sec. 270.49 (2), Stats., as to orders granting a new trial in the interest of justice because it fails to state in detail the reasons upon which the court based its action. It is well established in granting a new trial "in the interest of justice" that the statute be followed and a citation of authorities is deemed unnecessary. We are not favored

with any written decision of the trial court as to how and why the verdict is contrary to the evidence.

In *Kaestner v. Preferred Accident Ins. Co.* (1950), ante, p. 6, 42 N. W. (2d) 260, it was held that the findings of fact by the trial court, which embraced plaintiff's version and were in accord with his evidence and that of the passengers in his car, but contrary to defendant's version, were not contrary to the great weight and clear preponderance of the testimony.

Under the circumstances disclosed in this case, the credibility of the evidence presented became a matter for the jury. We have carefully examined the record and find there is ample evidence to support the finding of the jury.

*By the Court.*—Order reversed, and cause remanded with directions to reinstate the verdict of the jury and enter judgment for defendant thereon.