STATE, Respondent, vs. FIRST WISCONSIN TRUST COMPANY, Trustee, Appellant.*

*April 7—May 4, 1954.*

---

\* Motion for rehearing denied, without costs, on June 18, 1954.

612

For the appellant there were briefs by *Porter, Johnson & Cutler,* attorneys, and *James D. Porter* and *Clifford R. Procter* of counsel, all of Milwaukee, and oral argument by *James D. Porter.*

For the respondent there was a brief by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and

*Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

BROADFOOT, J. Four separate contentions are made by the defendant Trust Company: (1) The funds involved are held as trust funds; (2) sec. 220.25, Stats., neither purports nor ought to be construed to work an escheat of trust funds held by a protesting trustee; (3) sec. 220.25 will violate constitutional rights of the beneficiaries if it is construed to escheat trust funds notwithstanding the protest of the trustee; (4) if the funds create debts rather than trusts, the statute of limitations has run against all claimants, in favor of the Trust Company, and the statute cannot be constitutionally applied to these funds.

In its argument the defendant Trust Company states that if the funds are held to be trust funds, the answer to either or both contentions (2) and (3) will be determinative of the issues. If the funds are held not to be trust funds, then contentions (2) and (3) are not involved and the answer to contention (4) will determine the controversy.

Many pages in each brief are concerned with the first contention. We do not deem it necessary to engage in an academic discussion of trust funds, deposits, special deposits, active trusts, passive trusts, and agency matters. By using a broad definition of the term "trust funds" and limiting ourselves to the facts and circumstances in this case and to the language and purpose of sec. 220.25, Stats., we do not hesitate to say that the funds involved are trust funds.

The second contention involves a consideration of the language of the statute itself. Sec. 220.25 (1) and (2), Stats., reads as follows:

"(1) When any person shall die intestate, without heirs, leaving on deposit or otherwise any fund, funds, or property of any kind with any banking institution, or shall abandon

such fund, funds, or property, the same shall escheat to and become the property of the state, to be disposed of in the same manner as other escheated property. The term 'banking institution' shall include every banker, bank, branch bank, or trust company within the state.

"(2) Any person who shall have on deposit or otherwise with any banking institution any fund, funds, or property of any kind, and shall not deal therewith for a period of twenty years by adding to or withdrawing therefrom, and shall not have asserted any claim to such fund, funds, or property for such period, shall be presumed, unless shown to the contrary, to have died intestate, without heirs, or to have abandoned such fund, funds, or property."

The Trust Company contends that the section above quoted does not mention trusts, trustees, beneficiaries, or trust funds, and that the word "deposit" should be given its common and accepted definition, which refers to money deposited in a bank subject to the order of the depositor. The statute, however, specifically refers to trust companies. Each of the funds in question was deposited by some corporation or a bondholders' protective committee. There has been no addition to or withdrawal from any of the funds for a period of more than twenty years. A presumption of abandonment is therefore established. The Trust Company states that its protest rebuts the presumption. It relies in particular upon the case of *State v. McCoy*, 228 Minn. 420, 38 N. W. (2d) 386, as authority for its claim. In that case certain individuals as trustees made deposits in a Minnesota bank. Minnesota has a statute similar to ours. There the suit was brought directly against the individual trustees and not against the depositary of the funds. Thus, the two cases are entirely dissimilar as to the facts. Whether we would follow the reasoning of the Minnesota court under a like situation is a question to be determined in the future.

The defendant also cites the case of *Mullane v. Central Hanover Trust Co.* 339 U. S. 306, 70 Sup. Ct. 652, 94

L. Ed. 865, as authority for its contention that a protest by the defendant rebuts the presumption of abandonment. The issues in that case were entirely dissimilar from those before us. The main issue there was the sufficiency of notice under a statute of New York given to the beneficiaries of certain trust funds by a trust company. There the adversaries were the bank and a guardian *ad litem* for certain of the beneficiaries. That case is not authority for any of the issues before us, nor is it helpful in the determination of those issues.

Finally, as to its second contention, the defendant argues that the legislature did not intend our statute to include trust funds because such a construction would rewrite the rule against perpetuities (sec. 230.15, Stats.). The trial court answered this argument as follows: "Maybe it does. That is the legislature's business." We agree with the trial court that the legislature could, if it wished, modify or change the rule. However, we cannot see that the argument is applicable. The rule against perpetuities does not deal with vested estates or interests, but deals with future and/or contingent interests. In the case before us the rights to the funds were vested at the time the deposits were made.

As to contention (3), the defendant deems that it has a right and duty to challenge the alleged unconstitutional application of the statute in behalf of the beneficiaries of the funds. Therefore it argues strenuously that if the state prevails, the beneficiaries of the funds will be deprived of their property without due process of law. Attention should be called to the fact that in the statute before us the word "escheat" is used in a dual sense. Other provisions of the statute permit the lawful owner of the fund to bring suit to recover the fund within a limited period. Further, without limitation as to time, the lawful owner, upon satisfying the attorney general of the state that he has not died intestate without heirs and has not abandoned such fund and that the lawful owner had no actual notice of such action, shall have

a refund thereof. Thus, the escheat does not become final and the state merely becomes custodian of the funds recovered under the statute. The rights of the lawful owners are protected as fully as though the trust company were permitted to retain custody thereof. No lawful owner is deprived of any property under the procedure outlined by the statute.

It is also claimed that the notice given under the statute is insufficient. The defendant again cites the *Mullane Case, supra,* as holding that the service provided by the statute does not meet due-process requirements in that in the case of funds deposited by the two bondholders' protective committees the Trust Company had on its books the names of holders of certificates of deposit with their addresses at the time the certificates were issued, considerably more than twenty years ago. It contends that, in order to comply with due process, notice should have been sent to such depositors at their last-known addresses. The defendant Trust Company enjoys an excellent reputation, and that is equally true of the state officials supervising it. It is a fair and legitimate inference that the defendant used all possible means to notify the lawful owners of the funds. The presumption is that they have died intestate without heirs or that they have abandoned the funds. Its attempt at self-impeachment cannot overcome such presumption. From the record it is clear that the addresses of all of the beneficiaries are unknown. The *Mullane Case* specifically held that notice by publication is sufficient where that is true. This argument was answered by the decision in *State v. Marshall & Ilsley Bank,* 234 Wis. 375, 291 N. W. 361. In that case the procedure outlined by the statute was held to be constitutional.

In view of our determination as to contention (1), the defendant states that it is unnecessary for us to consider contention number (4).

*By the Court.*—Judgment affirmed.