Moldenhauer, Appellant, v. Faschingbauer, by Guardian *ad litem,* Respondent.*

*October 26—November 24, 1964.*

* Motion for rehearing denied, without costs, on February 2, 1965.

For the appellant there was a brief and oral argument by *Robert R. Gavic* of Spring Valley.

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Arthur Wickham* of counsel, and oral argument by *Thomas N. Klug,* all of Milwaukee.

HEFFERNAN, J.   The trial judge saw fit to order a new trial in the interests of justice.  The authority of the trial court to do so is set forth in sec. 270.49 (2), Stats.  The statute requires that when a new trial is ordered on this ground, the judge shall set forth his reasons in detail.

"Every order granting a new trial shall specify the grounds therefor.  In the absence of such specification, the order shall be deemed granted for error on the trial.  No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein or the memorandum decision setting forth such reasons is incorporated by reference in such order.  The court may grant or deny costs to either party."

Numerous cases before this court have interpreted this provision.  We have heretofore held that an order for a new trial in the interests of justice cannot be sustained unless the judge's reasons are set forth in the requisite detail.  *Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. (2d) 579, 69 N. W. (2d) 571; *Dowd v. Palmer* (1944), 245 Wis. 593, 596, 15 N. W. (2d) 809; *Buetow v. Hietpas* (1948), 253 Wis. 64, 33 N. W. (2d) 201; *Bradle v. Juuti* (1950), 257 Wis. 523, 44 N. W. (2d) 242; *Peters v. Zimmerman* (1957), 275 Wis. 164, 170, 81 N. W. (2d) 565.

We have also held that the reasons for the judge's action must be set forth in the order or set forth in a separate memorandum or decision.  That memorandum to be effective must be incorporated by reference in the order.  *Guptill v. Roemer* (1955), 269 Wis. 12, 20a (Rehearing), 69 N. W. (2d) 571.

The statute makes it clear that the legislature, in granting to the trial judge the power to upset a jury verdict, required that reasons for such action be set forth. To fail to provide any reasons results in an order that must be reversed. It also follows that if the reasons set forth are patently inadequate or fail to give some evidence that justice has miscarried, the order is equally ineffective.

It is our opinion that the memorandum which was incorporated by reference in the order for a new trial was inadequate. As set forth in the statement of facts, the respondent did move for the dismissal of the insurance company that was originally a party defendant. It became known, at least to counsel, during the course of the trial that the insurance company originally made a defendant was not the liability insurer but was merely the carrier for collision and comprehensive coverage for the insured's automobile, and therefore was not properly concerned in this lawsuit. The respondent's motion was granted.

The trial judge avers in his memorandum that this dismissal "unsettled the jury," creating the impression that the name of an undisclosed insurance company was being withheld.

We find it contrary to experience and reason to hold that the absence of an insurance company as a party defendant would be likely, at least in the absence of further facts, to result in an adverse feeling toward the defendant. The experience in this state and elsewhere leads us to conclude that when there is no insurance company named as a defendant, it is commonly believed that lower verdicts are likely to result. It is the view of many state legislatures that allowing the direct joinder of an insurance company results in larger, if not excessive, verdicts. We do not believe that the Wisconsin experience bears this out. However, the respondent's contention that the dismissal of the insurance company would be likely to result in a larger verdict is indeed a novel propo-

sition. The dismissal of the insurance company is a result that defendants' attorneys frequently strive for, albeit with little success.

Perhaps a new trial in the interests of justice is in fact necessary. However, the condition of the record can only leave this to speculation. If the interests of justice require a new trial, sufficient reasons therefor must be set forth, and to the extent that the trial judge detailed them at all, we deem them insufficient. To the extent that any factor other than a dismissal of the insurance company may have prompted the action of the trial judge, the memorandum and order are silent. We, therefore, reverse the order of the trial court for failure to set forth with sufficient particularity the reasons for ordering the new trial.

While we cannot agree with the learned trial judge's decision that a new trial is necessary on all issues, from a review of the entire record we must conclude that the damages are excessive. To that extent, we are in full accord with what we presume to be another factor which troubled the trial judge, although this was not explicitly set forth. We, therefore, direct that a new trial be granted on the issue of damages only, or, in the alternative, to allow the plaintiff to accept an award which would represent a reasonable amount as compensation for the plaintiff's damages as may be determined by the trial judge. *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393; *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 117 N. W. (2d) 660.

*By the Court.*—Order reversed and remanded for further proceedings. The trial court is directed to grant a new trial on the issue of damages giving the option, however, to the plaintiff in lieu of the new trial to have judgment for such reduced amount that the trial court deems reasonable. It is further ordered that the appellant be denied the taxation of costs for the brief in excess of 40 pages.

481a

The following opinion was filed February 2, 1965:

PER CURIAM (*on motion for rehearing*). The defendant-respondent requests that the court rule upon his motion for review made pursuant to sec. 274.12, Stats. The motions after verdict made by respondent and presented to the trial court, excepting the motion for a new trial in the interest of justice, were overruled by the trial court without memorandum opinion. These motions, in the main, contend that plaintiff was negligent as a matter of law as to lookout, and that this being so the answers to negligence and comparative-negligence questions could not stand. If the language of the opinion does not clearly reflect our opinion on these questions, let it now be said that the court in conference thoroughly considered the liability questions as presented by the motion to review. We were then, and are now, of the opinion that there was credible evidence to sustain the jury's conclusion that plaintiff was not negligent as to lookout or otherwise and that the verdict as to the liability features should be approved.

The motion for rehearing is denied without costs.