MOLDENHAUER, Appellant, v. FASCHINGBAUER, Respondent.

*April 11—May 10, 1966.*

---

For the appellant there was a brief and oral argument by *Robert R. Gavic* of Spring Valley.

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Thomas N. Klug* of counsel, all of Milwaukee, and oral argument by *Mr. Klug.*

GORDON, J. In giving the plaintiff an option to accept judgment for the reduced amount of $13,012, the trial court did not delineate the components which comprise that figure. Thus, we are unable to determine what portion of the total is attributable to loss of earnings and what portion is attributable to personal injuries. Presumably the figure also incorporates an allowance to the plaintiff for property damages and medical expenses.

Our problem on this appeal is to determine whether the plaintiff is correct in his claim that the sum set by the trial court was so unreasonable as to constitute an abuse of discretion. In order to arrive at a proper determination of this question, it is necessary for us to scrutinize the evidence relating to damages.

At the time of the accident Mr. Moldenhauer was thirty-four years of age. Although he lived on a farm with his wife and children, he had been employed for approximately sixteen years as a laborer for construction firms.

The accident occurred on October 25, 1961, and on the following day Mr. Moldenhauer visited Dr. C. W. Docter with complaints as to pain in his head, back and neck. He visited Dr. Docter on 68 subsequent occasions prior to the time of trial. Treatment on the part of Dr. Docter consisted mostly of diathermy and heat treatments.

Dr. Docter testified that his patient had sustained injuries to his neck and lower back and also had suffered a permanent injury to the ulnar nerve of the left arm. The latter injury, according to Dr. Docter, had decreased Mr. Moldenhauer's ability to perform certain hand motions and also cut down on the sensitivity of the skin. The doctor also stated that the plaintiff had incurred a narrowing of the fifth intervertebral disc as a result of the accident; in the doctor's opinion, the plaintiff would have to undergo surgery to correct this defect. When he last examined Mr. Moldenhauer on December 31, 1963, the doctor found a limitation of body motions. It was Dr. Docter's opinion at that time that the plaintiff was disabled from performing manual labor and that his injuries were painful.

About six months after the accident, the plaintiff was examined by Dr. Charles Ihle, an orthopedic surgeon. According to his testimony, he also diagnosed the injury to the ulnar nerve of the left arm as a permanent dis-

ability. Dr. Ihle further stated that the accident had caused a permanent aggravation to a pre-existing degenerative back condition. Dr. Ihle was of the opinion that Mr. Moldenhauer could not do heavy manual labor and would need further treatment, such as a spinal fusion, if he were to get better.

Dr. Joseph Tobin examined the plaintiff on September 27, 1963, and found an injury to the ulnar nerve, which he indicated impaired the functioning of Mr. Moldenhauer's left hand. He found Mr. Moldenhauer extremely depressed; he was of the opinion that the plaintiff's complaints as to pain and headaches were valid. Dr. Tobin concluded that Mr. Moldenhauer was not capable of doing manual work at that time.

Mr. Moldenhauer, testifying in his own behalf, stated that he was unable to perform physical labor and that when he attempted to do farm work, such as driving a tractor, he found that he was incapacitated for several days thereafter. He complained of pains in his neck and head and said that his injuries interfered with his sleeping.

The defendant did not call any medical witnesses but produced testimony from neighbors who had observed Mr. Moldenhauer subsequent to the accident driving a tractor for plowing purposes, driving an automobile at rapid speed, and dancing. These activities were described as having been performed by Mr. Moldenhauer without apparent difficulty.

The record also discloses some testimony relative to the question of Mr. Moldenhauer's loss of earnings. A foreman at the construction company where the plaintiff was employed testified that prior to the accident the plaintiff had performed heavy manual labor; he earned $2.08 per hour and worked a forty-hour week.

Concerning his employment, the plaintiff testified that he worked intermittently for the construction company from the time of the accident until January 13, 1963,

when he could no longer continue because of pain in his back and left arm. He testified that he has not been employed since that date and that his efforts to perform work at the farm were unsuccessful.

The jury was instructed that it might consider impairment of earning capacity and in fact assessed the plaintiff's damages for loss of earnings at $6,000. The instructions also permitted the jury to assess damages for future pain and disability. The jury assessed the plaintiff's personal injuries at $36,000.

Although the trial court ordered a new trial on all the issues, this court reversed and remanded the case with directions to reinstate the jury's finding as to negligence; we directed that a new trial be granted on the issue of damages only, giving the plaintiff an option to accept such reasonable sum as damages which the trial court might set. This court determined that the jury's award of $43,012 was excessive. *Moldenhauer v. Faschingbauer* (1964), 25 Wis. (2d) 475, 131 N. W. (2d) 290, 132 N. W. (2d) 576.

Our review of the evidence persuades us that the learned trial court abused its discretion in setting the total damages in the sum of $13,012, and accordingly it is our obligation to fix a proper figure and to permit the plaintiff to have the option of accepting such figure in lieu of a new trial as to damages.

This would appear to be the first occasion on which this court has determined that a trial court, in applying the *Powers* rule, has reduced the damages below a reasonable figure. *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 102 N. W. (2d) 393. In applying the *Powers* rule to the finding of a jury, the court's duty is to set a figure that is deemed most reasonable, and any figure within the range of reasonableness would be appropriate. However, once the trial court has reduced the jury's verdict and on review we find an abuse of discretion on the part of the trial court, we deem it our duty

to set the figure which we consider to be at the *bottom* of the range of reasonableness and to permit the plaintiff to have the option of accepting such figure if he wishes to avoid a new trial. *Lucas v. State Farm Mut. Automobile Ins. Co.* (1962), 17 Wis. (2d) 568, 117 N. W. (2d) 660.

The problem of additur has been discussed in Mr. Justice WILKIE'S separate opinions in *Olson v. Siordia* (1964), 25 Wis. (2d) 274, 287, 130 N. W. (2d) 827, and *Boodry v. Byrne* (1964), 22 Wis. (2d) 585, 597, 126 N. W. (2d) 503.

We consider that an important purpose of the *Powers* rule, the elimination of unnecessary retrials, is best served by the technique which we are here adopting. It is arguable that this court should set what it deems to be the most reasonable figure rather than the lowest reasonable figure. In view of the fact that the trial judge, from his special vantage point, has seen fit to adopt an even lower figure, we believe that justice will be advanced by our declining to fix anything but the *lowest* reasonable figure. This method will be employed when we review an adjustment of damages made by the trial court; it will not apply when either this court or a trial court examines the verdict of the jury.

We conclude that the sum of $19,012 is the lowest amount within the range of reasonableness which could be assessed for Mr. Moldenhauer's injuries on the evidence presented in the present record. The trial court's order must be reversed, and, upon remand, the trial court is to enter an order granting a new trial as to damages only and, in lieu thereof, affording the plaintiff an option within a fixed period of time to accept judgment in the increased amount of $19,012.

Although the appellant did not formally reject the option tendered to him by the trial court, the order is considered appealable. This court had ordered that a new trial be had if the plaintiff rejected the option to accept

a reduced amount deemed reasonable to the trial court; under that circumstance, the plaintiff was entitled to appeal from the order entered by the trial court pursuant to our direction. Cf. *Nygaard v. Wadhams Oil Co.* (1939), 231 Wis. 236, 242, 284 N. W. 577.

*By the Court.*—Order reversed, and cause remanded with directions consistent with this opinion.