Sт. Clair, Respondent, v. McDonnell and another,
Appellants.

*October 6—November 1, 1966.*

For the appellants there was a brief by *Geffs, Geffs, Block & Geffs* and *Eli Block,* all of Janesville, and oral argument by *Eli Block.*

For the respondent there was a brief by *Berg & Gage* and *Louis D. Gage, Jr.*, all of Janesville, and oral argument by *Louis D. Gage, Jr.*

CURRIE, C. J. The issue on this appeal is whether there is any credible evidence which supports the jury's finding that plaintiff was causally negligent. In order to resolve this issue it is necessary to set forth a résumé of the material evidence. Surprisingly, there is no substantial conflict in the testimony of plaintiff and defendant. No witnesses other than the two parties testified with respect to how the accident occurred.

The accident happened during the noon hour on Jackson street in Janesville on a clear December day, but the street was slushy and slippery at least in places. Jackson street runs north and south, is 34 feet wide, and is a one-way street carrying two lanes of traffic in a southerly direction, there being a marked center line separating the two traffic lanes. In the block where the collision occurred there is a private driveway leading into the Women's Club on the west side of the street. This driveway is 240 feet south of the intersection of Jackson and Court streets, the latter being an east and west street.

Plaintiff's version of how the accident happened is as follows: Plaintiff drove his automobile east on Court street and turned right onto Jackson street and proceeded in the east traffic lane at a speed he estimated to be from 10 to 15 miles per hour. As he made the turn into Jackson street he saw a car crossways in the street "trying to make" the Women's Club driveway. This had caused the traffic moving in the west traffic lane to stop. The car attempting to enter the driveway, which was being driven by a woman, was going partly forward into the driveway and then backing up to make another try. Plaintiff applied his brakes gradually bringing his car to a stop in the center of his traffic lane.

The cars ahead of him in the east traffic lane had proceeded past without stopping. Plaintiff stopped before the lady driver had backed across the center line. After he stopped she backed across the center line into the east traffic lane. Thereafter plaintiff's car was struck from behind by defendant's automobile which plaintiff had not observed to his rear. Plaintiff estimated the interval between the time he brought his car to a stop and the impact as from one to two seconds. He was asked this question on cross-examination and gave this answer thereto:

"*Q.* Then when you saw this car trying to go into the driveway, you brought your car to a stop? *A.* I was bringing my car to a stop all the way along."

Defendant testified as follows: He had entered Jackson street north of Court street, stopped for a red traffic light at the corner of Jackson and Court streets, and then proceeded south in the east traffic lane at a speed of 15 to 20 miles per hour. Defendant was about a quarter block south of the Court street intersection when he saw plaintiff's car ahead of him and estimated the then distance between the two vehicles at about 175 feet. When he was about 75 feet from plaintiff he realized that plaintiff's car had stopped or was stopping opposite the Women's Club driveway in the easterly lane of traffic. He could not tell whether plaintiff's car was then stopped or coming to a stop. At the same time he saw for the first time the lady driver's car. It was then backing across Jackson street. Defendant applied his brakes and his car started sliding ahead. He could not stop his car and it slid into the rear of plaintiff's car. Defendant's car had angled slightly to the east before impact. The impact was light and plaintiff's car was pushed forward only two or three feet. When stopped the location of plaintiff's car was the middle of the east traffic lane six feet north of the north line of the Women's Club driveway.

Appellants contend that on the basis of this evidence a jury issue was presented as to whether plaintiff in stopping his car as he did violated a safety ordinance of the city of Janesville, which reads:

"No person shall stop any vehicle, whether attended or unattended, and whether temporarily or otherwise so as to obstruct traffic *except when the stopping is necessary to avoid conflict with other traffic* or to comply with traffic regulations or the directions of a traffic officer or traffic control sign or signal." (Italics supplied.)

This court has stated that a safety ordinance has the same force and effect of a safety statute, the violation of which constitutes negligence *per se*.[1] However, this ordinance as applied to the facts of this case would not appear to impose any stricter duty upon plaintiff than that which would exist at common law.

Appellants ground their argument that a jury issue was presented as to the issue of plaintiff's negligence in the main on the fact that the lady's car attempting to enter the private driveway had not crossed the center line of Jackson street prior to the time plaintiff brought his car to a stop. However, defendant's own testimony makes it clear that the lady's car was backing toward the center line at the time plaintiff brought or was bringing his car to the stop. Right after that, the backing car crossed the center line into the east traffic lane. When plaintiff turned onto Jackson street from Court street he observed that the car attempting to enter the driveway was crosswise in the west traffic lane and in difficulty. In such a situation plaintiff properly exercised caution in reducing his speed and in stopping when it appeared there was the likelihood of the car in difficulty backing across the center line.

In essence appellants are charging the plaintiff with an excess of caution. The trial court considered that our

[1] *Verbeten v. Huettl* (1948), 253 Wis. 510, 519, 34 N. W. (2d) 803.

decision in *Tesch v. Wisconsin Public Service Corp.*[2] prevents a finding of negligence against a driver exercising caution in such a situation. We agree. In the *Tesch Case* one Lepak was driving the truck of the defendant utility company in an easterly direction on State Highway 29, 1¾ miles west of Wausau. As he approached a private driveway leading to a tavern located on the south side of the highway he saw one Schmidt backing an automobile toward the highway. Lepak applied his brakes as hard as he could. Wirtz, who was operating a tractor-trailer unit to Lepak's rear, in order to avoid striking the Lepak truck, swung to the left into the path of the approaching Tesch car coming from the opposite direction, and collided with it. The testimony was in conflict as to how far Lepak was to the west of the Schmidt car when he (Lepak) applied his brakes. The shortest distance testified to was 275 feet and the longest distance was 444 feet. The Schmidt car stopped before actually entering the paved portion of the pavement. This court affirmed the action of the trial court in holding as a matter of law that Lepak was not negligent and stated:

"Lepak applied his brakes for the purpose of avoiding the danger anticipated from the Schmidt car. Appellants are in effect charging him with an excess of caution in meeting a hazard he foresaw on the road ahead of him. Obviously this is not the case of a driver who suddenly decreases his speed for some reason irrelevant to his use of the highway." [3]

We conclude that under the uncontroverted evidence in the instant case plaintiff had reasonable grounds for anticipating that the car attempting to enter the private driveway either might invade his path or that it would be necessary for the lady driver to back into the east traffic lane in order to negotiate the slippery driveway.

[2] (1957), 2 Wis. (2d) 131, 85 N. W. (2d) 762.
[3] Id. at page 138.

A jury should not be permitted to speculate that it was not reasonable conduct for one in plaintiff's position to have stopped under such circumstances, and thus penalize the cautious or courteous driver.

Appellants have cited *Mack v. Decker* [4] in support of their position that plaintiff's stopping presented a jury issue. There, Taft, the driver of the lead vehicle which was struck from behind, testified that he did so because of small children crossing the highway ahead and because others were in close proximity to the highway. However, his testimony and that of his witnesses was at least partially contradicted by the operator and passenger of the motorcycle which collided with the Taft car. The *Mack Case* does not hold that Taft's stopping would have presented a jury issue if it were undisputed that there had been small children in close proximity to the highway. The discussion at page 229 of that opinion strongly suggests that it may be the duty of a driver in such a situation to stop because of the known propensities of small children to dart across a highway in the path of an oncoming motor vehicle.

Appellants also contend that there was evidence upon which the jury could have found plaintiff negligent in making a sudden stop without first looking to see what vehicular traffic was immediately to his rear to ascertain whether he could safely stop in view of that traffic. As the trial court pointed out in its memorandum decision, there is no direct evidence to dispute plaintiff's testimony that he brought his car to a stop gradually. However, even if it be possible to draw an inference that he did stop suddenly it is undisputed that the brake lights were in working order immediately after the accident. Thus, when plaintiff depressed the brake pedal to stop, these lights must have been activated. Defendant's negative testimony that he did not see any activated brake lights, in the absence of any testimony that he was making an

---

[4] (1964), 24 Wis. (2d) 219, 128 N. W. (2d) 455.

observation to ascertain this, is insufficient to rebut this evidence.[5]

The same issue was before the court in the *Tesch Case*.[6] It was there held that it was not negligent for a motor vehicle operator to stop suddenly to avoid an anticipated hazard ahead, without looking to the rear, where the intended stop is signaled by activated brake lights. The court therein declared:

"In *Wodill v. Sullivan* (1955), 270 Wis. 591, 598, 72 N. W. (2d) 396, it was said, 'When a vehicle is equipped with brake-activated stop lights as required by statute, as soon as pressure is applied to the brakes, a signal automatically occurs indicating the driver's intention to stop or diminish speed. No other signal is required by law.' The statement appears to have been unnecessary to the decision, but nevertheless, a deliberate and considered expression of a rule. We adhere to it. Since the *Wodill Case*, the legislature has revised and recodified the law relating to motor vehicles. Ch. 260, Laws of 1957. Sec. 85.175 (3), Stats., remained in almost identical language and is now sec. 346.34 (2), Stats. 1957. This is some indication that the interpretation of the statute in the *Wodill* decision was acceptable to the legislature, as well as to the drafters of the code." [7]

Appellants further contend that plaintiff was negligent in not stopping at the east curb instead of in the middle of his traffic lane. The same argument was advanced in *Reuhl v. Uszler* [8] in which it was contended the plaintiff Reuhl should have gotten off onto the six-foot shoulder rather than stopping on the highway. The court rejected such contention and pointed out that

[5] *Rambow v. Wilkins* (1953), 264 Wis. 76, 78, 58 N. W. (2d) 517.

[6] Footnote 2, *supra*.

[7] Id. at page 137. See also *Mack v. Decker, supra*, footnote 4, at page 231; and *Thoresen v. Grything* (1953), 264 Wis. 487, 490, 59 N. W. (2d) 682.

[8] (1949), 255 Wis. 516, 524, 39 N. W. (2d) 444.

the stop was a momentary one to determine what to do, the motor was kept running with feet on brake and clutch, and after only two seconds the collision occurred. The facts in the instant case involve the same type of stop and time interval. Furthermore, inasmuch as the crosswise car was backing toward the center line when defendant first observed it, it would have been his duty to stop and not proceed past to plaintiff's right. We find no merit in this last contention of appellants.

The case of *Jeffers v. Peoria-Rockford Bus Co.*[9] cited by appellants is clearly distinguishable. There defendant's bus driver made an optional stop which other following traffic had no duty to make. This court held that the bus driver could be found negligent for not pulling over into the right-hand lane of a four-lane highway before stopping so as to let other traffic through. In distinguishing *Reuhl v. Uszler* it was pointed out that the traffic from the rear had the same duty to stop as did plaintiff Reuhl.[10] Thus it is *Reuhl* and not *Jeffers* which is here applicable.

*By the Court.*—Judgment affirmed.

[9] (1957), 274 Wis. 594, 80 N. W. (2d) 785.
[10] Id. at page 601.