LOOMANS and another, Respondents, v. MILWAUKEE MUTUAL INSURANCE COMPANY and another, Appellants. [Case No. 178.]

ECONOMY FIRE & CASUALTY COMPANY, Respondent, v. MILWAUKEE MUTUAL INSURANCE COMPANY, Appellant. [Case No. 179.]

*April 8—May 7, 1968.*

658

For the appellants there was a brief by *Hoeffel, Coughlin & Bayorgeon* of Appleton, and oral argument by *James T. Bayorgeon.*

For the respondents there was a brief by *Patri, Nolan, Crane & Engler* and *Gary R. Yakes,* all of Oshkosh, and oral argument by *Mr. Yakes.*

HALLOWS, C. J.

*Did the order sufficiently set forth reasons?*

Every order granting a new trial should specify the grounds therefor. The absence of such specifications does not void the order except in the case of an order granted in the interest of justice. Otherwise, if no grounds are stated for the granting of a new trial, it is deemed to be for error. Sec. 270.49 (2), Stats. This section requires an order granting a new trial in the interest of justice to state the reasons for such an order "in detail therein" or to incorporate the memorandum decision which sets forth such reasons.

The first assignment of error is not whether the reasons are sufficient in fact to justify the order but whether the reasons are sufficiently set forth in the order. Where no reasons are given in the order or incorporated

therein, a clear violation of the statute exists. *Buetow v. Hietpas* (1948), 253 Wis. 64, 33 N. W. 2d 201; *Bradle v. Juuti* (1950), 257 Wis. 523, 44 N. W. 2d 242. We have held the mere statement in an order that the verdict is against the great weight and clear preponderance of the evidence does not state in sufficient detail the reasons and this is true whether the statement is made generally of the verdict or of a single question in the special verdict. *Guptill v. Roemer* (1955), 269 Wis. 12, 68 N. W. 2d 579, 69 N. W. 2d 571; *Campbell v. Wilson* (1962), 18 Wis. 2d 22, 117 N. W. 2d 620. *See also Moldenhauer v. Faschingbauer* (1964), 25 Wis. 2d 475, 131 N. W. 2d 290, 132 N. W. 2d 576.

How detailed the reasons set forth in the order must be varies in accordance with the reasons, but the statute contemplates more than a statement of an ultimate conclusion. Where the verdict is against the great weight and clear preponderance of the evidence, the order should recite or the incorporated opinion should contain the subsidiary reasons and basis for the general statement. *Bair v. Staats* (1960), 10 Wis. 2d 70, 102 N. W. 2d 267.

In the instant case, the trial court's decision, incorporated in the order by reference, gave two reasons: (1) That there was no evidence to justify the apportionment of the causal negligence, and (2) that the jury granted no damages although the testimony of personal injuries was uncontroverted. The trial court also concluded that because the plaintiff had a part-time job the jury perhaps thought the plaintiff suffered no loss in wages. The trial court further discussed these reasons and we think they are stated sufficiently to comply with the statute. While not strictly in point, the following cases bear on the problem: *Flippin v. Turlock* (1964), 24 Wis. 2d 49, 127 N. W. 2d 822; *Goldenberg v. Daane* (1961), 13 Wis. 2d 98, 108 N. W. 2d 187; *Mainz v. Lund* (1963), 18 Wis. 2d 633, 119 N. W. 2d 334.

*Are the reasons for granting a new trial sufficient?*

The second assignment of error questions the sufficiency of the reasons for granting a new trial in the interest of justice rather than the sufficiency of their expression. It is urged the trial court has discretion in granting a new trial in the interest of justice. While this is true, legal discretion is not a substitute for the sufficiency of the reasons. Presumably it is because the trial court has discretion in the exercise of the power that the reasons should be set forth in detail. In no other way can the exercise be effectively reviewed. The review of an order which rests on legal discretion is limited to abuse and this court will look for reasons to sustain the trial court rather than make an independent review of the question as we do for legal error. *McFarlin v. Hewitt* (1958), 5 Wis. 2d 488, 93 N. W. 2d 445; *Quick v. American Legion 1960 Convention Corp.* (1967), 36 Wis. 2d 130, 152 N. W. 2d 919. Thus, if there are several grounds relied upon by the trial court in granting a new trial in the interest of justice, only one need be sufficient to sustain the contention that the trial court did not abuse its discretion in entering the order. *Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 150 N. W. 2d 313.

In the instant case, the evidence shows the plaintiff suffered arm, leg and chest injuries, including two broken ribs, which resulted in hospitalization. There was no issue of her veracity or credibility. The failure to award some damages is clearly against this evidence. Likewise, we think as did the trial court that there was not sufficient evidence which would justify finding the plaintiff's negligence amounted to 50 percent or more of the causal negligence. This view finds support in *St. Clair v. McDonnell* (1966), 32 Wis. 2d 469, 145 N. W. 2d 773; *Bannach v. State Farm Mut. Automobile Ins. Co.* (1958), 4 Wis. 2d 194, 90 N. W. 2d 121; and *Phillips v. Haring* (1952), 262 Wis. 174, 54 N. W. 2d 200.

It is contended by the defendant that the comparison of negligence is peculiarly for the jury and therefore cannot be upset or be a basis for granting a new trial in the interest of justice. This is an erroneous view. While it may not be often that this court upsets a comparison of negligence, the court has done so as a matter of law and reversed for error. A comparison may also be the basis of a new trial in the interest of justice when the comparison is against the great weight and clear preponderance of the evidence although this court cannot as a matter of law say that it was wrong. *Bishop v. Johnson* (1967), 36 Wis. 2d 64, 152 N. W. 2d 887; *Lawver v. Park Falls* (1967), 35 Wis. 2d 308, 151 N. W. 2d 68. In the instant case, the trial court believed the comparison was wrong and the plaintiff Edna Loomans' negligence could not be equal to or greater than that of the defendant Lewin's, but the court granted the new trial on the ground of interest of justice. It might have been placed on the ground of error. *Markowitz v. Milwaukee E. R. & L. Co.* (1937), 224 Wis. 347, 271 N. W. 380.

*Was the order for a new trial timely made?*

A motion for a new trial must be made and heard within two months after the verdict is rendered unless the court by order made before the expiration of the two months' period extends such time for cause. Sec. 270.49 (1), Stats. This section has been interpreted to mean that the court must also make its decision within said period although the order need not be filed within that period. *Guptill v. Roemer, supra.* An order extending time under this section may be made by the court *sua sponte* without notice to the parties and without being based upon an affidavit; but the order must state the reasons for the extension. *Fontaine v. Fontaine* (1931), 205 Wis. 570, 238 N. W. 410; *Estate of Noe* (1942), 241 Wis. 173, 5 N. W. 2d 726. Presumably this section was

intended to prod the trial courts into timely deciding motions after verdict. Stating reasons for time extensions acts as a reminder device. In the instant case, the time was extended on November 7, 1966, January 23, and January 27, 1967. In the orders of November 7th and January 27th the reasons were given; however, the order of January 23d, made on the court's own motion, was silent as to the reasons. It is argued this order was part and parcel of a continuing transaction and the reasons for the extension were the same as given in the other two orders. While this may be true, the statute has been construed to require setting forth in the order the reasons constituting cause for the extension. The discretionary nature of the court's power to grant such an order, *Harweger v. Wilcox* (1962), 16 Wis. 2d 526, 114 N. W. 2d 818, is not a justification or reason for failing to state the reasons for the exercise of the power.

While the lack of stated reasons in the order of January 23d would require reversal because the extension of time was invalid, we believe the reasons for granting a new trial to be meritorious and in order to avoid a miscarriage of justice, this court should grant in its discretionary power under sec. 251.09, Stats., a new trial in the interest of justice.

The respondents ask this court to dismiss the appeal under sec. 251.77, Stats., because the appellants' brief was not filed on time. In view of the decision to grant a new trial in the interest of justice, we do not consider this issue.

*By the Court.*—Order affirmed.