FONTAINE, Appellant, vs. FONTAINE and another, Respondents.

*September 17—October 13, 1931.*

For the appellant there were briefs by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker* and *Daniel H. Grady.*

For the respondents there was a brief by *Grotophorst, Quale & Langer* of Baraboo, and oral argument by *H. M. Langer.*

Owen, J. The plaintiff, Albina Fontaine, and the defendant, Walter J. Fontaine, are wife and husband. They purchased a Ford coupé on May 3, 1930. Between that time and June 22, 1930, the husband had driven the car about 1,200 miles. The plaintiff, Mrs. Fontaine, had usually ridden with him while he was driving the car during that time. On June 22, 1930, they left Portage at one o'clock in the afternoon in the Ford coupé on a pleasure trip. Mr. and Mrs. Koloske of Portage also accompanied them on this trip in their automobile. They drove from Portage to Prairie du Sac, the Fontaines driving ahead and the Koloske car following in the rear. At Prairie du Sac they concluded to return by way of Baraboo. On leaving Prairie du Sac the Koloske car took the lead, the Fontaine car following. For some distance out of Prairie du Sac they followed the concrete highway, until they turned onto a detour, occasioned by the cement road being under construction.

The detour was covered with gravel, which had been treated with some sort of preparation. The Fontaines testified that the gravel was about two inches deep, and was the deepest gravel on which they had ever driven. They claimed that on this detour Mr. Fontaine drove the car at a rate of speed of about forty to forty-two miles an hour, which was the fastest that he had ever driven a car while they were riding together.

After proceeding along the detour for about three miles, they met a car the driver of which yelled to Mr. Fontaine to keep to his own side of the driveway and not to "hog the road." His wife then asked him to slow down, but he did not. He was rather excited because of the rebuke about "hogging the road" and his wife telling him to slow down. He turned to the right, lost control of the car, ran into a ditch on the right side of the road, the car running about one hundred feet after entering the ditch and tipping over, causing personal injuries to the plaintiff.

The jury returned a special verdict finding that the defendant Fontaine was negligent in respect to speed, lookout, and control, that his negligence was the cause of plaintiff's injury, and that there was no negligence on the part of the plaintiff. After the return of the verdict plaintiff moved for judgment on the verdict, the defendant moved for judgment on the verdict, for judgment dismissing the complaint on its merits, for an order changing the answers of the jury to the various questions in the special verdict, and for a new trial on seven different grounds. The court ordered "that the verdict in the above entitled action be and the same is hereby set aside and a new trial granted on the grounds that the case was erroneously submitted to the jury, prejudicial to the defendant, and in the interests of justice." In his opinion the trial judge said:

"I am fully convinced that a new trial must be ordered in this case, for two reasons: first, for an erroneous sub-

mission of this case prejudicial to the defendant; and second, in the interests of justice. I do not think it is necessary for this court to carefully set out at length the facts upon which the two above reasons are based. As to the first reason, I am fully convinced that the court should have submitted to the jury several other questions in its special verdict, and as to the second reason for granting a new trial, I believe that the attorneys did not present all the evidence bearing upon this case. The only evidence in the record as to the condition of the road in question was that there was loose gravel upon the road. Loose gravel is a relative term, for there may be loose gravel a few inches deep or there may be loose gravel surface deep only. Again, no evidence was introduced as to the condition of the tires after the accident, which I think is very important in this case, for not to have this evidence above stated it would seem that the jury's verdict is based upon speculation alone, for neither the plaintiff nor defendant had any idea how the accident happened."

The plaintiff appeals from that order, and challenges as sufficient grounds for a new trial the reasons set forth in the opinion of the trial judge. It is plain that the trial judge did not approve of the verdict. He expressed the feeling that justice had not been accomplished by the verdict. Even though the reasons assigned by him for granting a new trial did not constitute reversible error, and did not require the granting of a new trial as a matter of law, it does not appear that the reasons expressed in his opinion constituted the only reasons which prompted the granting of a new trial. One of the considerations prompting the granting of a new trial is expressly stated to be "in the interests of justice." He follows this by saying he does not think it is necessary "to carefully set out at length the facts upon which the two above reasons are based." While there was evidence in the case relating to the depth of the gravel and to the condition of the tires, the court seemed to feel that the evidence bearing on both of these facts was meager, and that

more satisfactory evidence upon those points would and could be produced upon a new trial.

The record shows that this is an action by the wife against her husband. It also shows that the husband is not averse to a recovery by the wife. The testimony given by both husband and wife upon the trial does not conform to written statements made by them to the insurance company prior to the trial. Before the trial the husband signed a statement giving it as his opinion that the accident was caused by a blowout, while at the trial he presumed that his speed was the cause of the accident. Prior to the trial the plaintiff signed a statement to the effect that they traveled at about thirty-five to forty miles per hour, because they had only 1,500 miles on the car. "Mr. Fontaine was driving and I had no reason to protest the speed or manner in which he drove and made no protest. We were simply driving along a gravel road somewhat down hill when the car ran into the ditch on the side of the road. I do not know what caused it to leave the road." On the trial the plaintiff claimed that her husband drove faster than he ever drove before, and that she continually protested concerning the rate of speed. In this situation the trial judge may well have felt that the interests of justice would be promoted by a retrial of the case.

It is well settled in this state that a new trial granted in the interests of justice is a highly discretionary order, and that, while it is not beyond the power of this court to review it, in order to reverse it must clearly appear that there was an abuse of judicial discretion. The rule is stated in *John v. Pierce,* 176 Wis. 220, 186 N. W. 600, and repeated in *McCoy v. Terhorst,* 188 Wis. 512, 205 N. W. 420, as follows:

"A discretion is vested in the trial court to grant a new trial when he feels that the verdict is against the weight of evidence, and this court will not disturb his action in that

respect where the evidence is such that conflicting conclusions may be reached by different persons."

In neither of the above cited cases was this court impressed with the soundness of the action of the trial court. But because it is believed that a fearless exercise of this power on the part of trial courts will generally be in the interests of justice, they should be permitted to exercise it with great freedom. A review of the evidence in this case reveals it to be such that conflicting conclusions may be reached by different persons.

While it is not necessary to review the manner in which the case was submitted to the jury, we will call attention to the fact that by the special verdict the defendant Fontaine was found negligent in three respects, namely: speed, lookout, and control. This was followed by an omnibus question inquiring whether Fontaine's negligence was the cause of the plaintiff's injuries. This was error. *Berrafato v. Exner,* 194 Wis. 149, 216 N. W. 165; *Waters v. Markham,* 204 Wis. 332, 235 N. W. 797. The jury should have been called upon to answer whether each element of negligence constituted the cause of plaintiff's injuries. The reason for this is apparent. Part of the jury might have thought that speed was the cause, others that the failure to maintain a lookout was the cause, and still others that the control and management of the car was the cause. This form of verdict did not require ten jurors to agree that any species of negligence was the cause of the plaintiff's injuries.

Further, the trial judge well might have thought that the question of plaintiff's assumption of risk had not been properly impressed upon the jury. Question 3 was the only question submitted to the jury bearing upon the plaintiff's contributory negligence, and that question was: "Was the plaintiff negligent in continuing to ride in defendant Fontaine's automobile up to the time when the same ran off the highway?" The court charged with reference to

question 1 relating to defendant's negligence, and question 3 relating to plaintiff's negligence, together. The charge as to these two questions was quite long, and consisted of general abstract statements of law. We find in this discussion these statements relative to the plaintiff's assumption of risk: "The plaintiff, at the time of the accident, was the defendant's guest. A guest who rides in an automobile takes the car and driver as she finds them, and assumes the risk incident to the entire situation." And further: "Where a guest enters a car he or she accepts it in its existing condition, except as to latent defects known to the host, and he or she also accepts the driver with his habits of driving, so far as they were known to the guest, and with the skill in operating and managing the car which the host actually possessed and drove at the time."

It is apparent that the question of plaintiff's assumption of risk was a vital question in the case. She knew what her husband's experience in driving the car had been. She was perfectly familiar with his habits of driving. They had driven much of the time upon gravel highways. In starting upon the trip she accepted his skill and experience as a driver. If the accident happened because of his lack of skill and experience in managing a car in gravel, then the consequences of such lack of skill and experience were assumed by her on the trip. This principle should have been more forcibly impressed upon the jury. If it did not constitute a special question in the verdict, then it should have been made much clearer to the jury than the instructions did make it that under the verdict as submitted it did constitute an element of contributory negligence. Even though acquiescence by the respondents in the manner of submission might have prevented reversible error, the manner of submission did afford a very good reason for the granting of a new trial in the interests of justice.

Appellant further contends that the court had no power to grant a new trial in the interests of justice because no motion for a new trial was made on this ground. It has long been settled in this state that the court has power to grant a new trial in the interests of justice upon its own motion. *Eggen v. Fox*, 124 Wis. 534, 102 N. W. 1054; *Koss v. A. Geo. Schulz Co.* 195 Wis. 243, 218 N. W. 175.

The respondents have filed a notice of review of several questions presented upon the record, all of which, however, go to the point that the defendants were entitled to judgment upon the evidence. We have carefully reviewed the evidence and are of the opinion that a jury question was presented. In view of the fact that there is to be a new trial we refrain from a discussion of the evidence.

Respondents further urge that the doctrine of *Wait v. Pierce*, 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, in which it was held that under our statutes a wife may maintain an action against her husband to recover on a tort liability, should be overruled. We have no quarrel with counsel for respondents on the proposition that the doctrine announced in *Wait v. Pierce* is probably against the weight of authority. The decision in that case was planted squarely upon our statute, sec. 6.015, which was construed as authorizing an action by the wife against her husband under such circumstances. That decision was made in 1926. Three sessions of the legislature have since occurred, and the statute upon which the decision rested has in no sense been modified or amended. We interpret this as legislative satisfaction with the construction given the statute, and are not now disposed to reconsider the question.

*By the Court.*—Order affirmed.