ESTATE OF NOE: NOE and another, Appellants, vs. WAGNER, Respondent.

*September 16—October 13, 1942.*

174

The cause was submitted for the appellants on the briefs of *Barber, Keefe, Patri, Stillman & Nolan* of Oshkosh, and for the respondent on the brief of *Bouck, Hilton & Dempsey* of Oshkosh.

WICKHEM, J.   The principal question is whether after the closing of evidence and before rendering a decision the trial court could order a new trial upon its own motion based upon information obtained by the court subsequent to trial.   Respondent contends that the order is for a new trial in the interests of justice.   Appellant contends that it is an order for a new trial because of newly discovered evidence without any motion therefor by respondent and based on evidence that the trial court discovered himself by inquiries after trial.   The trial involved a contest over the probate of the will of John Noe.   Noe made and published his last will on May 31, 1940. There is no dispute as to the proper execution of this will. The will and a conformed copy were in the possession of testator after execution.   The testator left the original will in custody of the probate office from May 31, 1940, until March 31, 1941, when he withdrew it.   At this time the will contained no interlineations.   On June 21, 1941, Noe died. His wife who, by the terms of the will, was to have a life interest in all of his property, died about a week later.   After testator's death the will and copy were discovered in a box in decedent's desk.   Both were delivered to the county judge. At the time of discovery, the original will had been changed

by drawing lines, (1) through the names of William, Philip, and Roman Noe, to each of whom, and decedent's two sisters, the testator had originally devised a one-fifth interest in the residue of the estate after the death of testator's wife, and (2) through the words "my brother, Philip Noe" in the paragraph appointing the executor. The word "one-half" was substituted for "one-fifth," and the name of "Dr. William Wagner" written below that of "Philip Noe." The conformed copy of the will was also changed, but the changes were not identical with those in the original will. Lines were drawn through four of the originally named residuary beneficiaries, leaving decedent's sister, Mrs. Mary Pingry, the sole beneficiary. In the copy there was no alteration of the executor clause. The contest had to do with the effect of the interlineations and testimony applicable to the issues was duly taken. Briefs were to be submitted at the close of the testimony. At a later conference, the trial court stated that he had discovered that testator had made a statement to the register in probate at the time that he withdrew the will, that he did not feel that it was fair to the court or the parties that the case be disposed of without consideration of the testimony of the register in probate, and that he did not feel that he ought to try the case. There was objection on the part of appellants that no motions had been made for a new trial but the court responded by ordering a new trial upon his own motion.

We consider that the trial court acted within its powers and that it committed no error. This was not the granting of a new trial upon the ground of newly discovered evidence, and the propriety of the court's action is not to be judged by what either party did to set it in motion. This is plainly an order for a new trial in the interests of justice because of the fact that information had come to the court in advance of its decision which the court not only thought should be heard, but which impaired its capacity to render a fair decision upon the record. We are not concerned in this case with the question

whether this is an exercise of the statutory power to grant a new trial in the interests of justice. We hold that it is one of the implied powers of the trial court, and, indeed, its imperative duty, where some circumstance persuades him that he cannot fairly decide the case, to order a new trial before another judge. It seems to us that such a power is so necessary to the judicial process, and so essential to fair trials, that its existence is a necessary incident to the exercise of judicial power by the trial court. The materiality of the evidence is not a matter of concern to us here. It would be of no consequence if the evidence had been set out in this record and appeared to this court not to be material. The important circumstance is that the trial court felt after discovering it that it could not fairly dispose of the case. That should be, and is conclusive. There is no way of knowing who has benefited or who has been prejudiced by granting a new trial. We are not concerned in this case with the power or propriety of the trial judge seeking new evidence in the case. That question is wholly immaterial here. It is the judge's own appraisal of its effect upon his capacity to decide the case that is the determining factor. It is of course well established that a new trial in the interests of justice may be granted by a trial court upon its own motion. *Fontaine v. Fontaine,* 205 Wis. 570, 238 N. W. 410.

*By the Court.*—Order affirmed.