BEHNING, Respondent, v. STAR FIREWORKS MANUFACTUR-
ING COMPANY, INC., Appellant.

*No. 186.   Argued January 3, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 655.)

For the appellant there was a brief by *Borgelt, Powell, Peterson & Frauen,* attorneys, and *Frank A. Scherkenbach* of counsel, all of Milwaukee, and oral argument by *Mr. Scherkenbach.*

For the respondent there was a brief by *Rowlee & Styler,* attorneys, of Milwaukee, and *Edward D. Weber* of counsel, of Brown Deer, and oral argument by *Wayne E. Rowlee.*

HEFFERNAN, J.  But one issue is presented on this appeal: Did the trial court abuse its discretion in ordering a new trial in the interest of justice on the question of liability?

An order for a new trial in the interest of justice is within the discretion of a trial judge, and will be reversed only upon a clear showing there has been an abuse of discretion. *Bartell v. Luedtke* (1971), 52 Wis. 2d 372, 377, 190 N. W. 2d 145; *Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 648, 150 N. W. 2d 313; *Van Gheem v. Chicago & N. W. Ry. Co.* (1967), 33 Wis. 2d 231, 236, 147 N. W. 2d 237; *McPhillips v. Blomgren* (1966), 30 Wis. 2d 134, 139, 140 N. W. 2d 267; *Combs v. Peters* (1964), 23 Wis. 2d 629, 637, 127 N. W. 2d 750, 129 N. W. 2d 174.

We pointed out in *Loomans v. Milwaukee Mut. Ins. Co.* (1968), 38 Wis. 2d 656, 662, 158 N. W. 2d 318, that we will "look for reasons to sustain the trial court." However, we pointed out in *Moldenhauer v. Faschingbauer*

(1964), 25 Wis. 2d 475, 479, 131 N. W. 2d 290, 132 N. W. 2d 576, that:

". . . an order for a new trial in the interests of justice cannot be sustained unless the judge's reasons are set forth in the requisite detail. . . .

"We have also held that the reasons for the judge's action must be set forth in the order or set forth in a separate memorandum or decision. That memorandum to be effective must be incorporated by reference in the order. . . .

"To fail to provide any reasons results in an order that must be reversed. It also follows that if the reasons set forth are patently inadequate or fail to give some evidence that justice has miscarried, the order is equally ineffective."

The judge's decision was properly incorporated in the order. The questions posed are whether the reasons were set forth in "requisite detail" and whether the reasons stated were adequate to show that justice has miscarried.

There is, of course, the threshold issue urged by the defendant that, since no objection was made to the question prior to its submission to the jury, any inadequacy or insufficiency cannot be urged now.

Defendant is correct in pointing out that no objection was made prior to the verdict. In fact, even plaintiff's motion for a new trial failed to state in which respect the trial failed to assure a just result.

We have uniformly held that failure to make a timely objection precludes a party, as a matter of right, to subsequently raise the point. Ordinarily, it is necessary to make a timely objection, and again to renew the objection on a motion for a new trial, to give the trial judge an opportunity to correct a possible error. *Weggeman v. Seven-Up Bottling Co.* (1958), 5 Wis. 2d 503, 513, 93 N. W. 2d 467, 94 N. W. 2d 645; *Savina v. Wisconsin Gas Co.* (1967), 36 Wis. 2d 694, 701, 154 N. W. 2d 237; *Wells*

*v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 515, 80 N. W. 2d 380.

We pointed out, however, in *Weggeman,* page 514, that the failure to make a timely assertion of error did not preclude this court from considering the matter, particularly when it involved the asserted claim that, under sec. 251.09, Stats., it was in the interest of justice for this court to decide the question.

It is equally clear that a trial judge, sua sponte, may order a new trial in the interest of justice. He may exercise his discretion in this respect even though no motion is before him or the motion failed to raise the question of a new trial in the interest of justice. *Estate of Noe* (1942), 241 Wis. 173, 177, 5 N. W. 2d 726; *Fontaine v. Fontaine* (1931), 205 Wis. 570, 577, 238 N. W. 410.

The question was properly cognizable by the trial judge as a discretionary matter even though no objections to the question had been made.

In his memorandum opinion, Judge CURLEY stated he was granting a new trial because he felt, "the liability question, having contained the language, 'At or immediately prior to . . .' may have been somewhat misleading to the jury . . . ."

The inclusion of a misleading question in a jury verdict which may lead to jury confusion is a sufficient basis for a new trial. *Quick v. American Legion 1960 Convention Corp.* (1967), 36 Wis. 2d 130, 137, 152 N. W. 2d 919.

The trial judge specifically pointed out the portion of the verdict he felt to be misleading. It is apparent that he thought the question placed inordinate focus on the events that occurred just prior to the occurrence of the misfire. Since the *res ipsa* instruction given was based on plaintiff's contention that defendant's agents had exclusive control of the explosives for some three hours prior to the accident, the question could have caused the

jury to exclude a possible *res ipsa* inference arising from the defendant's three-hour control of the explosives. The record indicates that plaintiff sought to raise the inference that at some time between 6 p. m. and 9 p. m., when the fireworks were under the control of defendant's agents, there had been improper handling or failure to inspect the projectiles properly. The propriety of the *res ipsa* instruction is not questioned.

We conclude that an instruction that would limit the jury's consideration to only the events at or about the time the rocket was ignited might defeat the purpose of the *res ipsa* instruction.

We cannot, however, conclude the verdict as given was error, and we would not conclude as a matter of law that the "at or immediately prior to" instruction should never be given in a *res ipsa* case. It is sufficient that Judge CURLEY reasonably concluded that the jury "might" have been misled. We have often stated that trial judges are peculiarly well situated to appraise the effect of trial conduct or of instructions upon a jury. Their judgment in this respect is a matter of discretion, which will not be set aside unless it is apparent it was exercised arbitrarily or on the basis of completely irrelevant factors. We need not conclude that a trial judge, in a case such as this, need find as a fact that the jury was misled. It is sufficient that he can conclude in his reasonable discretion that an inappropriate verdict is explainable by a factor, in this case a special verdict question, which influenced the unjust result.

*By the Court.*—Order affirmed.