AUSTIN, and another, Appellants, v. FORD MOTOR COM-
PANY, Respondent and Cross-Appellant: JACK
WHITE, INC., Defendant and Cross-Respondent.

*No. 75–776. Decided June 7, 1976.*
(Also reported in 242 N. W. 2d 251.)

For the appellants: *Edward Rudolph* of Elm Grove.
For the respondent and cross-appellant: *Walter L. Merten* and *Merten, Connell & Sisolak* of Milwaukee.

For the defendant and cross-respondent: *Thomas H. Knoll* and *Borgelt, Powell, Peterson & Frauen* of Milwaukee.

PER CURIAM. This wrongful death action was brought by the children of Barbara Austin, the driver of a 1966 Ford Galaxie automobile, who was killed in a one-car accident in April of 1966. Ford Motor Company (hereinafter Ford) and Jack White, Inc. (hereinafter White) were named as defendants and were alleged to have been negligent in supplying seat belts of insufficient strength and failing to properly install the belts or to adequately test and inspect them. It was also alleged the defendants had breached expressed or implied warranties made to the deceased relating to the adequacy of the seat belts on the car.

After the plaintiffs' action was commenced, White filed a cross complaint against Ford for indemnification and contribution.

At the jury trial in the wrongful death action, the trial court granted White's motion for nonsuit against the plaintiffs on the basis that they had failed to establish a *prima facie* case against White. The jury returned a verdict, wherein it found the seat belt in question when it left the possession of Ford was in such defective condition as to be unreasonably dangerous to the prospective user, and that such a condition was the cause of the driver's death. The jury apportioned causal negligence at 35 percent to Ford and 65 percent to the deceased driver.

Thereafter, in motions after verdict, the plaintiffs moved to change answers in the verdict, moved for a judgment notwithstanding the verdict, and in the alternative moved for a new trial on the issue of liability only. The trial court denied the plaintiff's motions but granted the alternative motion for a new trial on the issue of liability stating that such motion was granted

in the interest of justice and for the reason that Ford had failed to discharge its burden of proof that the contributory negligence of the deceased was a substantial factor in causing her death.

After the trial court had granted White's motion for nonsuit, White orally moved for an order of indemnification for attorney's fees and disbursements from Ford. Ford requested that White furnish an itemized statement of the legal services and disbursements for which it claimed indemnification and such statement was furnished. The indemnification issue between White and Ford was briefed and orally argued, and the trial court thereafter entered judgment on January 15, 1976, granting indemnification to White from Ford for its attorney's fees in the amount of $6,734.

Ford then, by order to show cause, moved that the judgment of indemnification be vacated and dismissed or alternatively that the judgment be vacated and ". . . a trial held on the issue of contribution and/or indemnity."

Thereafter the trial court granted the alternative motion, and set aside the previously entered judgment and ordered a trial on the issue of indemnity.

The plaintiffs Austin have filed a notice of appeal from the order granting a new trial on the issue of liability only. Ford has now moved to dismiss the appeal from this order.

Similarly, Ford has filed a notice of appeal purportedly appealing from the judgment of January 15, 1976, and the trial court's order vacating the judgment and granting a trial on the issue of indemnity. White has moved to dismiss Ford's appeal.

*Austins' Appeal from an Order Granting a New Trial*

Ford has moved to dismiss Austins' appeal from the order granting a new trial on the issue of liability, contending that the plaintiffs have no standing to appeal that part of the order because they are not parties ag-

grieved since they requested such a new trial. Ford relies on several old cases including *Larson v. Hanson* (1932), 207 Wis. 485, 242 N. W. 184, for support for this argument. That case did hold that a party could not appeal from an order granting a new trial when the party had requested such order even though such motion was made alternatively to a motion for judgment notwithstanding the verdict, or to change answers. The case also held that orders denying these latter two motions were not appealable.

However, we conclude Ford's motion should be denied since the result of the *Larson Case* and other cases coming to the same conclusion was overruled when this court adopted by court rule sec. 274.33 (3m), Stats., now sec. 817.33 (3m), which provides:

"(3m) A party on whose motion a new trial has been ordered may nevertheless appeal from such order for the purpose of reviewing a denial of his motion after verdict for judgment notwithstanding the verdict or to change answers in the verdict."

This subsection was adopted by court rule on January 23, 1963, in response to a recommendation from the judicial council. The judicial council had originally proposed the court create sub. (3m) so as to provide an appeal that was properly taken from:

"Any order denying a motion after verdict for judgment notwithstanding the verdict or to change answers in a verdict, even though the moving party was granted a new trial."

The judicial council's comment in favor of creating such a rule recognized that it would permit appeals from orders which were not then appealable and which ". . . could be determinative of the lawsuit and thereby avoid a needless jury trial."

However, instead of adopting the rule in the language recommended by the judicial council, this court modified

it so as to provide that the appeal could be taken from the order granting a new trial which would bring up with it for review the trial court's denial of the postverdict motions for judgment notwithstanding the verdict or to change answers.

This subsection has changed the harsh rule that a party could not appeal from an order granting a new trial even though such motion had been made in the alternative. Austins' appeal in the instant case fits exactly in the situation contemplated by sub. (3m). Therefore, Ford's motion to dismiss Austins' appeal is denied.

It should be noted that Austins' notice of appeal filed in this case also states that it is from that portion of the trial court's order which denied its motion for judgment notwithstanding the verdict and for a change in the jury's answers. Since the appeal is properly taken from the order granting a new trial and as such, raises these issues with it, this language in the notice of appeal is mere surplusage and can be ignored.

### Ford's Appeal from the Order Granting a Trial on Indemnification

White has moved to dismiss Ford's appeal on the indemnification issue on the same basis that Ford moved to dismiss Austins' appeal, *i.e.*, that since the trial was granted on Ford's alternative request, Ford is not a party aggrieved and cannot appeal from such order. However, since we conclude Ford's appeal from the order is distinguishable from Austins' appeal from the order granting it a new trial, White's motion must be granted and Ford's appeal dismissed.

Ford purports to appeal from an order which vacates the judgment and grants Ford a trial on the issue of indemnification. The order does not grant Ford a new trial since no trial has yet been held on the indemnifica-

tion issue. The judgment of January 15, 1976 was based on oral arguments and briefs submitted by the parties. The subsequent order vacates the judgment and grants Ford's motion for a trial—not a new trial. Thus, Ford is not entitled to the benefit of sub. (3m) which by its terms applies to an appeal from an order granting a new trial. Furthermore, sub. (3m) applies only in jury trial situations and the instant order does not involve that circumstance. Ford is not a party aggrieved by the order since the order appealed from was entered on Ford's own motion. *See: Lawrence v. MacIntyre* (1970), 48 Wis. 2d 550, 180 N. W. 2d 538.

■ Moreover, since the order appealed from vacates the previously entered judgment and orders a trial, it is not a final order since it does not prevent a judgment from which an appeal could properly be taken.

Ford's purported appeal from the order must be dismissed.

Ford, in its response to the motion to dismiss, contends that its notice of appeal states that the appeal is also taken from the judgment of January 15, 1976, which ordered Ford to pay White's attorney's fees. Ford contends that undeniably it has the right to appeal from this adverse judgment against it. However, if Ford is permitted to maintain the appeal from the judgment, this would leave the trial court's subsequently entered order vacating the judgment and granting a trial on the issue of indemnification, hanging in legal limbo. Ford is apparently contending that the appeal from the judgment which was taken before the trial court's order was formally entered, stripped the trial court of authority to enter the order that it did. This would mean that the trial court's memorandum decision and order were simply nullities serving no purpose.

■ ■ We conclude, under the circumstances of this case, that Ford may not maintain the appeal from the

judgment because at the time such appeal was taken, the judgment had already been vacated by the trial court's order. The general rule is that an appeal duly perfected divests the trial court of jurisdiction of the subject matter of the appeal and transfers it to the appellate court. *See: State ex rel. Freeman Printing Company v. Luebke* (1967), 36 Wis. 2d 298, 302, 152 N. W. 2d 861; *Schueler v. Madison* (1971), 49 Wis. 2d 695, 720, 721, 183 N. W. 2d 116. This general rule does not apply in the instant case because the appeal from the judgment, although perfected pursuant to sec. 817.11 (2), Stats., by the filing of a deposit in lieu of an undertaking, had not been taken as defined in sec. 817.11 (1), at the time the order vacating the judgment was entered. Thus the appeal from the judgment had not been duly perfected as that term is used in the above cases at the time the order vacating the judgment was entered. The record reveals at the time the order was entered, April 14, 1976, only a notice of appeal from the judgment had been served on the parties. The notice of appeal was not filed stamped in the clerk of circuit court's office until April 23, 1976. Sec. 274.11 (1), now sec. 817.11, provides that an appeal is taken by serving a notice of appeal and by filing the notice of appeal with the clerk of the court in which the judgment appealed from is entered. Since the filing in this case didn't take place until April 23d, which was after the time the order vacating the judgment had been made and entered, the purported appeal from the judgment did not strip the trial court of jurisdiction to enter its order. *See: Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 141 N. W. 2d 902. Ford has attempted to appeal from a previously vacated judgment. This portion of the appeal must also be dismissed.

An order in conformity with this opinion will be entered.