IN RE the MARRIAGE OF: Joseph B. HENGEL, Petitioner-Appellant,

v.

Barbara Sue HENGEL, Respondent.

Court of Appeals

*No. 83–481. Argued April 6, 1984.—Decided August 23, 1984.*
(Also reported in 355 N.W.2d 846.)

For the petitioner-appellant there were briefs by *Roger L. Imes* and *Hale, Skemp, Hanson & Skemp* of La Crosse, and oral argument by *Roger L. Imes*.

For the respondent there was a brief by *James R. Koby* and *Phelps & Koby* of La Crosse, and oral argument by *James R. Koby*.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. Joseph Hengel appeals a divorce court's order requiring him to contribute to his wife's attorney's fees. This case and a companion case pending in the Court of Appeals, *Hengel v. Hengel,* Case No. 82–2138, arise out of a divorce action between the parties. The only issue in this case is whether the trial court was competent to enter the order. Because the court did not have competence to enter the order, we reverse.

The validity of the parties' antenuptial agreement had to be decided before the court could consider the property division portion of this action. The parties therefore stipulated that they would first litigate whether the agreement was valid, and then settle or try the other issues.

On October 14, 1982, the trial court signed and filed a judgment concluding that the parties' antenuptial agreement was valid and that the court's property division would be governed by the terms of the agreement. The court granted a divorce but made no provision for a contribution to either party's attorney's fees incurred in the action.

On November 9, 1982, respondent Barbara Hengel moved for a contribution to her attorney's fees. On November 19, 1982, she filed a notice of appeal from the judgment. That appeal is Case No. 82–2138. The only

issue raised in that case is the validity or effect of the antenuptial agreement.

The trial court entered an order requiring Joseph to contribute $13,525.98 to Barbara's attorney's fees. This appeal is from that order.

## Subject Matter Jurisdiction

The La Crosse circuit court had subject matter jurisdiction. In *Mueller v. Brunn,* 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982), the court said:

As we stated in *Matter of Guardianship of Eberhardy,* 102 Wis. 2d 539, 307 N.W.2d 881 (1981), subject matter jurisdiction is vested by the constitution in the courts of the State of Wisconsin. No circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever.

The question in this case is whether the legislature has prevented a circuit court from exercising its jurisdiction to award attorney's fees in a divorce action once a notice of appeal has been filed. This question addresses the competency of the circuit court to render judgment. *Mueller,* 105 Wis. 2d at 177, 313 N.W.2d at 793, citing *Restatement of Judgments* sec. 7 comment *a* at 41 (1942).

## Competency

In *Seyfert v. Seyfert,* 201 Wis. 223, 226, 229 N.W. 636, 638 (1930), the court recognized the general rule that:

[T]he service of a notice of appeal and undertaking upon the parties as required by the statute and the filing thereof with the clerk of the circuit court strips that court of all jurisdiction with reference to the case, except in certain unsubstantial and trivial matters, and transfers jurisdiction of the entire case to this court.

This rule has been followed more recently in *Austin v. Ford Motor Co.*, 73 Wis. 2d 96, 103, 242 N.W.2d 251, 254 (1976). The rule is, however, not free from doubt. *State ex rel. Freeman Printing Co. v. Luebke*, 36 Wis. 2d 298, 304, 152 N.W.2d 861, 864 (1967) (overruled as to application to prejudgment matters in *State ex rel. Van Dyke Ford, Inc. v. Cane*, 70 Wis. 2d 777, 787, 235 N.W.2d 672, 677 (1975)).

In *Freeman*, 36 Wis. 2d at 305, 152 N.W.2d 864, the court noted an exception to the general rule. "The general rule may be modified by statute whereby limited jurisdiction is given to the trial court over the subject matter on appeal and the exercise of this reserved jurisdiction may indirectly affect the subject matter of the appeal."

We must therefore determine whether a statutory exception to the general rule exists.

Barbara's suggestion that secs. 767.262,[1] 767.23(1)(d) and (2),[2] 767.37(2) and 767.39,[3] Stats., provide the

[1] Section 767.262, Stats., provides:

The court, after considering the financial resources of both parties, may order either party to pay a reasonable amount for the cost to the other party of maintaining or responding to an action affecting the family and for attorney's fees to either party, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his or her name. The court may not order payment of costs under this section by the state or any county which may be a party to the action.

[2] Section 767.23, Stats., provides in part:

(1) Except as provided in ch. 822, in every action affecting the family, the court or family court commissioner may, during the pendency thereof, make just and reasonable temporary orders concerning the following matters:

. . . .

(d) Requiring either party to pay for the maintenance of the other party. This maintenance may include the expenses and at-

necessary exception does not bear scrutiny. Section 767.-262 permits the court to order a contribution to a party's attorney's fees. It is silent as to the trial court's power after an appeal has been taken. Section 767.23 (1) (d) and (2) pertain to temporary orders for attorney's fees. A temporary order expires when the court enters a divorce judgment. Sections 767.23 (1) (d) and (2) are therefore not applicable after judgment. Section 767.37 (2) permits a trial court to modify its judgment of divorce for six months, but only "so far as [it] affects the marital status of the parties. . . ." Section 767.39 permits a trial court to order attorney's fees *for an appeal,* not for the action heard in the trial court.

Section 767.32, Stats., permits *revision* of a judgment, section 767.305 permits enforcement of a judgment, and section 767.33 permits annual adjustments in child support. Sections 808.07 (1) and (2), Stats.,[4] pertain to

torney fees incurred by the other party in bringing or responding to the action affecting the family.

. . . .

(2) Notice of motion for an order or order to show cause under sub. (1) may be served at the time the action is commenced or at any time thereafter and shall be accompanied by an affidavit stating the basis for the request for relief.

. . . .

[3] Section 767.39, Stats., provides:

(1) In actions affecting the family pending in an appellate court, no allowance for suit money, counsel fees or disbursements in the court, nor for temporary maintenance payments to the spouse or the children during the pendency of the appeal will be made in the court.

(2) Allowances specified in sub. (1), if made at all, shall be made by the proper trial court upon motion made and decided after the entry of the order or judgment appealed from and prior to the return of the record to an appellate court, provided, that if the allowance is ordered before the appeal is taken the order shall be conditioned upon the taking of the appeal and shall be without effect unless and until the appeal is perfected.

[4] Section 808.07, Stats., provides in part:

trial court actions relating to matters already decided by the court.

The legislature has provided trial court competency during an appeal in several areas. It could have provided that, in effect, parties could appeal each issue immediately after the trial court addressed the issue, but it did not.

Section 808.03, Stats., provides appeals of right only from final judgments and orders. The goal of only one appeal for each case, together with the legislature's silence as to a trial court's power to award attorney's fees for a divorce trial after appeal of another issue in the case, convinces us that no exception for attorney's fees exists to the general rule that "an appeal duly perfected divests the trial court of subject matter jurisdiction. . . ."[5] *Van Dyke Ford,* 70 Wis. 2d at 782, 235 N.W. 2d at 675. We conclude that the trial court was not competent to enter an order as to attorney's fees.

*By the Court.*—Order reversed and cause remanded with instructions to dismiss Barbara's motion for a contribution to her attorney's fees.

---

(1) An appeal does not stay the execution or enforcement of the judgment or order appealed from except as provided in this section or as otherwise expressly provided by law.

(2) (a) During the pendency of an appeal, a trial court or an appellate court may:

1. Stay execution or enforcement of a judgment or order;

2. Suspend, modify, restore or grant an injunction;

3. Make any order appropriate to preserve the existing state of affairs or the effectiveness of the judgment subsequently to be entered; or

4. Hear and determine a motion filed under s. 806.07.

(b) Relief under this subsection may be conditioned upon the filing of an undertaking in the trial court.

. . . .

[5] Section (Rule) 809.11, Stats., is entitled "Perfecting the appeal." It requires a docketing fee, a copy of the notice of appeal, a copy of the trial court docket entries, and a statement on tran-

script to be sent to this court, and a copy of the statement on transcript to be filed with the clerk of the trial court. Neither party argues that Rule 809.11 was not followed.