AHRENS-CADILLAC OLDSMOBILE, INC., Plaintiff-Respondent,

v.

Aaron BELONGIA, and Belongia Law Firm, Ltd., Defendants-Appellants. †

Court of Appeals

*No. 88–1691. Submitted on briefs June 7, 1989.—Decided July 26, 1989.*

(Also reported in 445 N.W.2d 744.)

†Petition to review denied.

For the defendants-appellants the cause was submitted on the briefs of *Aaron Belongia,* and *Belongia & Associates, S.C.,* of Elm Grove.

For the plaintiff-respondent the cause was submitted on the brief of *H. Dale Peterson,* and *Stroud, Stroud, Willink, Thompson & Howard,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Aaron Belongia and the Belongia Law Firm, Ltd. (Belongia), appeal from a judgment denying their postverdict motions. The trial court held that

because Belongia's motions were not filed within twenty days of the verdict, as required by sec. 805.16(1), Stats., the court lacked competency to exercise jurisdiction to decide them. The propriety of that ruling is the sole issue on appeal, and we resolve it against Belongia. We therefore affirm the judgment.

Ahrens sued Belongia for the value of repairs done to his automobile, and the jury found in Ahrens's favor. A few days later, on April 4, 1988, the trial court issued an order setting the hearing date for motions after verdict for May 13, 1988. The notice specifically advised counsel that postverdict motions were due on April 20, 1988, which was the twentieth day after the verdict was rendered. Belongia's motions were not filed until May 6, 1988, sixteen days beyond the deadline. The trial court ruled that it lacked competency to consider the motions because the filing deadline had passed.

The issue is one of statutory interpretation. It is a question of law which we consider *de novo,* owing no deference to the trial court's decision. *Moonlight v. Boyce,* 125 Wis. 2d 298, 303, 372 N.W.2d 479, 483 (Ct. App. 1985). Section 805.16(1), Stats., provides that "motions after verdict shall be filed and served within 20 days after the verdict is rendered, unless the court, within 20 days after the verdict is rendered, sets a longer time by an order specifying the dates for filing motions, briefs or other documents."

Belongia contends that the trial court has the discretion to hear postverdict motions after the expiration of twenty days whether or not the court has extended the time for filing. He relies on sec. 801.15(2)(a), Stats., which provides, in part, as follows:

> When an act is required to be done . . . within a specified time, the court may order the period

enlarged . . . on motion . . .. If the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect.

Belongia argues that this statute overrides the twenty-day requirement of sec. 805.16(1), Stats. We disagree.

When construing a statute, first resort must be to the language of the statute itself and its words must be given their plain meaning. *Rugg v. LIRC,* 135 Wis. 2d 444, 449, 400 N.W.2d 499, 501 (Ct. App. 1986). The language of sec. 805.16(1), Stats., is clear. It permits an extension of the deadline for filing postverdict motions *only* if the extension is made within the first twenty days after the verdict has been rendered.

Adopting Belongia's argument would render the twenty-day requirement of sec. 805.16(1), Stats., a nullity. Statutes should, if possible, be construed to avoid conflict and produce a "harmonious whole." *Milwaukee County v. ILHR Dept.,* 80 Wis. 2d 445, 454 n. 14, 259 N.W.2d 118, 123 (1977). Inconsistencies should be resolved and superfluousness avoided. *NCR Corp. v. Revenue Dept.,* 128 Wis. 2d 442, 456, 384 N.W.2d 355, 362 (Ct. App. 1986). Repeal by implication is not favored in the law. *Maxey v. Racine Redevelopment Authority,* 120 Wis. 2d 13, 24, 353 N.W.2d 812, 818 (Ct. App. 1984). Another rule that guides our consideration of the statutes in question is that statutes of general application must give way to those of specific application. *State ex rel. S.M.O.,* 110 Wis. 2d 447, 453, 329 N.W.2d 275, 278 (Ct. App. 1982).

Construing secs. 805.16(1) and 801.15(2)(a), Stats., together in light of these rules, we conclude that the

former controls and that the trial court loses its competency to consider postverdict motions filed after the twenty day deadline, unless the court has granted an extension within that time.

A similar result obtained in *General Tel. Co. v. Auto-Owners Ins.*, 140 Wis. 2d 10, 17, 409 N.W.2d 133, 136 (Ct. App. 1987), where we held that failure to make timely motions after verdict under sec. 805.16, Stats., deprived the trial court of competence to exercise jurisdiction over the motions. Belongia argues that the case should not be controlling because it was decided under former sec. 805.16, Stats. (1985–86),[1] which allowed twenty days for filing postverdict motions but did not, as the present version does, authorize the trial court to extend the deadline. While the revision of sec. 805.16 gave the trial court the limited right to extend the deadline during the twenty day "window" period, it had no effect on the rule of *General Tel. Co.*

Belongia next contends that the 1987 revision of sec. 801.15(2)(c), Stats.,[2] permits the court to retroactively enlarge the filing deadline for postverdict motions after the twenty day deadline has expired. Prior to 1987, sec. 801.15(2)(c) expressly prohibited enlargement of time for motions after verdict under sec. 805.16, Stats. This prohibition was removed in 1987 when the contemporaneous revision of sec. 805.16(1) made specific provi-

---

[1]Section 805.16, Stats. (1985–86), provided that: "Motions after verdict shall be filed and served within 20 days after the verdict is rendered."

[2]Section 801.15(2)(c), Stats. (1987–88), as amended by supreme court order dated February 25, 1987, effective July 1, 1987, states that "[t]he time for . . . *deciding* motions after verdict under s. 805.16(3) . . . may not be enlarged." (Emphasis added.) In 1985 the rule provided simply that "[t]he time for . . . motions after verdict under s. 805.16 . . . may not be enlarged."

sion for the enlargement of the time to file, as long as it was accomplished within the first twenty days.

The 1987 amendment to sec. 801.15(2)(c), Stats., simply conforms its terms to sec. 805.16(1), Stats.

*By the Court.*—Judgment affirmed.