Florian SCHMIDT and Donna Schmidt, Plaintiffs-Appellants-CrossRespondents,

v.

Blair SMITH and American Employers Insurance Company, Defendants-Respondents-Cross Appellants,

Gloria J. MAAS, and American Family Mutual Insurance Company, Defendants.

Court of Appeals

*No. 89-2334. Oral argument September 27, 1990.—Decided March 14, 1991.*

(Also reported in 469 N.W.2d 855.)

For the plaintiffs-appellants-cross-respondents the cause was submitted on the briefs of *Robert W. Swain* of *Herrling & Swain, S.C.* of Appleton and oral argument by *Robert W. Swain.*

For the defendants-respondents-cross-appellants the cause was submitted on the briefs of *Michael R. McCanna* of *Michael R. McCanna & Associates, S.C.,* of Appleton and oral argument by *Michael R. McCanna.*

Brief of amicus curiae was filed by *J. Robert Kaftan* of *Kaftan, Van Egeren, Gilson, Geimer & Gammeltoft,*

*S.C.* of Green Bay on behalf of Anthony and Dorothy Prokop.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. This is an appeal from a judgment which reduced a jury verdict for loss of society and companionship under sec. 895.04(4), Stats.. (1983–84),[1] from $100,000 to $50,000. The issues are (1) whether the trial court lacked competency to act upon a motion which was not filed within twenty days of the verdict, as required by sec. 805.16(1), Stats.,[2] and (2) whether this court should reduce the verdict pursuant to our discretionary reversal authority, sec. 752.35, Stats. We conclude that the trial court lacked competency to reduce the verdict, but that we should exercise our discretionary reversal authority under sec. 752.35 and direct the trial court to reduce the verdict to $50,000.

---

[1]Section 895.04(4), Stats. (1983–84), provided:

> Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. Additional damages not to exceed $50,000 for loss of society and companionship may be awarded to the spouse or unemancipated or dependent children, or parents of the deceased.

Section 895.04(4) was amended to provide in part that "[a]dditional damages not to exceed $50,000 for loss of society and companionship may be awarded to the spouse, children or parents of the deceased." Section 1, 1985 Wis. Act 130. The amendment was effective March 20, 1986. Section 2, 1985 Wis. Act 130.

[2]Section 805.16(1), Stats., provides: "Motions after verdict shall be filed and served within 20 days after the verdict is rendered, unless the court, within 20 days after the verdict is rendered, sets a longer time by an order specifying the dates for filing motions, briefs or other documents."

## I. BACKGROUND

Mark Schmidt was a passenger in a vehicle involved in a two-car automobile accident on June 10, 1985. He died as a result of injuries sustained in the accident. His parents, Florian Schmidt and Donna Schmidt, sued the driver (Blair Smith), Smith's insurer, the driver of the other car (Gloria Maas), and her insurer. The Schmidts' original complaint stated that they had sustained damages for the loss of society and companionship of their son "in the statutory amount of $50,000.00." At a motion to amend their complaint, however, the Schmidts informed the trial court that they intended to *each* pursue separate claims for damages of $50,000 for loss of society and companionship.[3]

After a trial, the trial court instructed the jury that each parent could recover a maximum of $50,000 for loss of society and companionship. On June 15, 1989, the jury returned a verdict awarding each parent, in addition to pecuniary damages, $50,000 for loss of society and companionship.

Twenty days following the entry of the verdict, Maas filed a motion after verdict requesting that the damages awarded the Schmidts for loss of society and companionship be reduced to $50,000. Shortly thereafter, the Schmidts and Maas reached a settlement and the Schmidts' claim against Maas was dismissed. Twenty-seven days after verdict, Smith filed a motion to enlarge the time to file motions after verdict. In addition, Smith filed a motion after verdict identical to that filed by Maas.

The trial court orally granted Smith's motion to enlarge on the ground that the late filing was the product

---

[3]The amended complaint did not request a specific amount of damages for loss of society and companionship.

of excusable neglect. The Schmidts then moved that the trial court reconsider in light of *Ahrens-Cadillac Oldsmobile, Inc. v. Belongia,* 151 Wis. 2d 763, 445 N.W.2d 744 (Ct. App. 1989).[4] The trial court granted the motion for reconsideration, concluding that under *Ahrens-Cadillac* it lacked competency to grant Smith's motion to enlarge the time to hear motions after verdict. However, the court *sua sponte* elected to reconsider the issue. The court concluded that the jury verdict awarded the Schmidts twice the legally permissible damages. *See York v. National Continental Ins. Co.,* 158 Wis. 2d 486, 499, 463 N.W.2d 364, 369–70 (Ct. App. 1990) (holding that $50,000 is the maximum amount parents as a class can recover under sec. 895.04(4), Stats.). It therefore reduced the jury verdict to $50,000. The Schmidts appeal and Smith cross-appeals.

## II. *SUA SPONTE* RECONSIDERATION

Defending the trial court's *sua sponte* reconsideration of the motion, Smith argues that *Behning v. Star Fireworks Mfg. Co.,* 57 Wis. 2d 183, 188, 203 N.W.2d 655, 658 (1973), *Estate of Noe,* 241 Wis. 173, 176–77, 5 N.W.2d 726, 728 (1942), and *Fontaine v. Fontaine,* 205 Wis. 570, 577, 238 N.W. 410, 412 (1931), permit a trial court to grant a new trial in the interests of justice on its own motion. We agree. However, none of these cases state *when* a trial court may do so. We conclude that a trial court's authority, whether express or implied, to *sua sponte* grant a new trial "is subject to statutory time

---

[4]Construing secs. 805.16(1) and 801.15(2)(a), Stats., together, the court in *Ahrens-Cadillac* concluded that the former controls and that a trial court lacks competency to hear motions after verdict after the expiration of twenty days. *Id.* at 765–67, 445 N.W.2d at 745.

limits governing the parties' motions." *General Tel. Co.,* 140 Wis. 2d at 17, 409 N.W.2d at 136.

## III. *AHRENS-CADILLAC* WRONGLY DECIDED

Smith contends *Ahrens-Cadillac* was wrongly decided. He argues that the court in *Ahrens-Cadillac* wrongly relied on *General Tel. Co. of Wisconsin v. Auto-Owners Ins. Co.,* 140 Wis. 2d 10, 409 N.W.2d 133 (Ct. App. 1987). We repeat what we said in *Ahrens-Cadillac:*

> Belongia argues that [*General Tel. Co.*] should not be controlling because it was decided under former sec. 805.16, Stats. (1985–86), which allowed twenty days for filing postverdict motions but did not, as the present version does, authorize the trial court to extend the deadline. While the revision of sec. 805.16 gave the trial court the limited right to extend the deadline during the twenty day "window" period, it had no effect on the rule of *General Tel. Co.*

*Id.* at 767, 445 N.W.2d at 745–46 (footnote omitted).

## IV. SECTION 808.075, STATS.

Section 808.075, Stats., regulates what actions a trial court may take pending an appeal, and provides in part:

> (1) In any case, whether or not an appeal is pending, the circuit court may act under ss. 804.02(2), 805.15, 805.16, 805.17(3), 806.07, 806.08, 806.15(2), 806.24(4), 808.07(1) and (2) and 809.12.
> (2) In a case appealed under s. 809.30, Stats., the circuit court retains the power to act on all issues until the notice of appeal has been filed with the clerk of the trial court . . ..
> (3) In a case not appealed under s. 809.30, the circuit court retains the power to act on all issues

until the record has been transmitted to the court of appeals.

Smith argues that because sec. 808.075(1), Stats, specifically refers to sec. 805.16, Stats, the twenty-day limitation for bringing motions after verdict is inapplicable to the trial court. We disagree. Section 808.075(1) does not address the time period during which the trial court may act. The circuit court's actions under sec. 805.16, while permitted whether or not an appeal is pending, must still be made within the time limits prescribed by sec. 805.16(1), Stats.

Sections 808.075(2) and (3), Stats., were enacted to ameliorate the strict rule of *Hengel v. Hengel,* 120 Wis. 2d 522, 355 N.W.2d 846 (Ct. App. 1984). Judicial Council Note, 1988, sec. 808.075.[5] In *Hengel,* we held that the trial court lacked competency to enter most orders once a notice of appeal had been filed. *Id.* at 527, 355 N.W.2d at 848. Sections 808.075(2) and (3) do not address the question of when motions after verdict must be filed or when the court must reserve additional time to receive such motions. They do not override the specific requirement of sec. 805.16(1), Stats., that motions after verdict must be filed and served within twenty days after the verdict is rendered.

Smith also relies on sec. 806.07, Stats.[6] Section 806.07, permits relief from judgments, orders and stipu-

---

[5]The Judicial Council Note to sec. 808.075, Stats., states, in part, that "[s]ection 808.075 is created to specify the actions that may be taken in circuit court after a notice of appeal has been filed in cases appealed under s. 809.30 and after transmittal of the record to an appellate court in other cases."

[6]Section 806.07, Stats., provides in part:

lations, under certain conditions. However, the trial court did not purport to act under sec. 806.07. Nor could it. At the time of the court's decision, there was no "judgment, order or stipulation" from which Smith could be relieved.

## V. CO-DEFENDANT'S MOTION

Smith argues that he was not required to duplicate Maas' motion to reduce the verdict from $100,000 to $50,000. Had Maas not settled her portion of the case shortly after trial, this would be correct. In that event, the trial court would have granted Maas' motion, affording Smith the relief he untimely sought.

We addressed a similar situation in *General Tel. Co.*, 140 Wis. 2d at 17, 409 N.W.2d at 136. We concluded that "[o]ne party's timely motion after verdict may not imbue a court with authority to rule on another party's untimely motion." *Id.*

In *General Tel. Co.*, however, the timely and untimely post-verdict motions challenged the verdict for

---

(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly-discovered evidence which entitles a party to a new trial under s. 806.15(3);

(c) Fraud, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied, released or discharged;

(f) A prior judgment upon which the judgment is based has been reversed or otherwise vacated;

(g) It is no longer equitable that the judgment should have prospective application; or

(h) Any other reasons justifying relief from the operation of the judgment.

different reasons. Here, Maas and Smith made identical challenges. Nonetheless, we follow the rule set forth in *General Tel. Co.* A simple rule is preferable to a more complicated one. Allowing "piggy-back" motions for identical challenges would generate disputes about whether one party's motions were identical or nearly identical to another party's motions. Section 805.16 Stats., provides fair warning that a litigant who fails to make timely motions after verdict acts at his or her peril. We conclude Maas' motion after verdict did not preserve for Smith the issue he now seeks to argue.

## VI. SECTION 805.18, STATS.

Smith suggests that sec. 805.18, Stats.,[7] gives the trial court authority to reconsider whether the Schmidts are entitled to $50,000 or $100,000. We disagree. Although under sec. 805.18 a trial court can reverse or set aside a judgment or grant a new trial for errors which affect the substantial rights of a party, the use of sec. 805.18 to avoid the time limits of sec. 805.16, Stats., would render those time constraints meaningless. Section 805.16 was designed to avoid unnecessary protrac-

---

[7]Section 805.18, Stats., provides:

(1) The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party.

(2) No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of drawing, selection or misdirection of jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

tion of litigation. Judicial Council Committee's Note, 1974, Wis. Stat. Ann. sec. 805.16 (West 1977). Strictly construing that section will help to accomplish that purpose.

Smith also argues that a petition giving trial judges authority to reconsider, on their own motion, their findings and conclusions, was adopted by the Judicial Council on January 19, 1990, and submitted to the supreme court. However, that petition is still pending. If adopted, we will consider its effect in future cases.

## VII. DISCRETIONARY REVERSAL

We have concluded that the trial court lacked competency to reduce the jury's verdict from $100,000 to $50,000. Its order doing so was therefore void, and its only option was to order that judgment be entered on the verdict. We would ordinarily reverse and direct that result. However, Smith has asked us to exercise our discretionary reversal power in sec. 752.35, Stats.,[8] to avoid a miscarriage of justice.

In *York v. National Continental Ins. Co.*, 158 Wis. 2d 486, 463 N.W.2d 364 (Ct. App. 1990), we addressed the underlying question posed by this appeal—whether the $50,000 limit for loss of society and companionship

---

[8]Section 752.35, Stats., provides:

In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

applied to the parents of a deceased child individually or as a class. We concluded:

> [T]hat the sec. 895.04(4), Stats., limit of $50,000 for loss of society and companionship in a wrongful death action is recoverable by the spouse of the person deceased, or if no spouse is living by the class of children of the person deceased as defined in sec. 895.04(2), or if no children are living by the class of parents of the person deceased.

*Id.* at 499, 463 N.W.2d at 369–70. The trial court reached the same conclusion, albeit without competence to do so.

Were we to direct the trial court to enter a judgment in favor of the Schmidts for $100,000, they would be the only litigants to receive that treatment—all other parents or children in similar circumstances would be limited to $50,000. We agree with the trial court's assessment of the situation: "Clearly it would be a miscarriage of justice to have a verdict entered which awards twice the legally permissible damages to the plaintiffs."

Having concluded that it would be a miscarriage of justice to direct the trial court to enter a judgment awarding double the permissible damages, we must consider whether, pursuant to sec. 752.35 Stats., we should direct the trial court to enter a judgment for loss of society and companionship to the Schmidts in the amount of $50,000.

■

Section 752.35, Stats., provides the court of appeals with broad statutory authority to achieve justice in individual cases. *Vollmer v. Luety,* 156 Wis. 2d 1, 19, 456 N.W.2d 797, 805 (1990). To reverse judgment to avoid a miscarriage of justice, we must be convinced that a new

trial would produce a different result. *Id.* We have explained that we are so convinced.

It would be inconsistent with our broad power described in *Vollmer* for us to conclude that justice had miscarried, but that we were powerless to remedy the problem. It would be absurd to require the trial court to enter an erroneous judgment, and then, following the inevitable appeal, to reverse that judgment. We therefore direct the trial court to vacate its void order reducing the verdict. Pursuant to our power under sec. 752.35, Stats., we direct the trial court to then enter an order reducing the Schmidts' damages for loss of society and companionship from $100,000 to $50,000. We recognize the incongruity of this procedure, but we conclude that it is the lesser of a variety of evils.

## VIII. SMITH'S CROSS-APPEAL

Smith asserts that the trial court erred by relying on an unpublished court of appeals opinion to reach its conclusion that it could not extend the time for Smith to make his motions after verdict. Because Smith has prevailed in the Schmidts' appeal, we conclude that his cross-appeal is moot.

*By the Court.*—Judgment reversed and cause remanded with instructions.

SUNDBY, J. *(concurring).* I concur in the result and in the opinion. I write separately, however, to address Smith's troublesome claim that we wrongly decided *Ahrens-Cadillac Oldsmobile, Inc. v. Belongia,* 151 Wis. 2d 763, 445 N.W.2d 744 (Ct. App. 1989). Smith claims that the history of secs. 801.15(2)(c) and 805.16, Stats., shows that the trial court may act under sec.

801.15(2)(c) to enlarge the time for filing motions after verdict even though it does not act within twenty days after the verdict is rendered. The history of these sections does not, however, support Smith's claim.

These sections were revised by order of the Wisconsin Supreme Court, effective July 1, 1987. *See* 136 Wis. 2d xxvii. Prior to its amendment, sec. 805.16(1), Stats., provided: "Motions after verdict shall be filed and served within 20 days after the verdict is rendered." The supreme court amended this provision so that it now reads: "Motions after verdict shall be filed and served within 20 days after the verdict is rendered, unless the court, within 20 days after the verdict is rendered, sets a longer time by an order specifying the dates for filing motions, briefs or other documents."

The Judicial Council note to sec. 805.16, Stats., states: "Sub. (1) specifies that the trial court may allow more than 20 days for motions after verdict to be filed, *if a schedule for the filing of motions and supporting materials is ordered within that time.*" Judicial Council Note, 1986, sec. 805.16, Stats. (emphasis added).

Prior to its amendment by the supreme court, sec. 801.15(2)(c), Stats., read: "The time for appeal under s. 808.04, for motions after verdict under s. 805.16, and for motions for relief from judgment or order under s. 806.07 may not be enlarged." As amended, the statute now reads: "The time for initiating an appeal under s. 808.04, for *deciding* motions after verdict under s. 805.16(3), and for making motions for relief from judgment or order under s. 48.46(2) or 806.07 may not be enlarged." (Emphasis added.)

The Judicial Council note to this section states: "Sub. (2)(c) is amended to clarify that, while the time for deciding motions after verdict may not be enlarged, *the time for filing and hearing such motions may be*

376

.

*enlarged by the court under revised s. 805.16(1) and (2)."* Judicial Council Note, 1986, sec. 801.15, Stats. (emphasis added).

Thus, the Council sought to clarify that, while the time for deciding motions after verdict may not be enlarged, the time for filing and hearing such motions may be enlarged by the trial court. However, the trial court's authority to enlarge the time for filing and hearing motions after verdict is limited as provided in sec. 805.16(1), Stats., which requires the court to act within twenty days after the verdict is rendered.

Because the trial court did not establish a schedule for the filing of motions after verdict within twenty days after the verdict was rendered, the trial court lost competency to consider Smith's motion, which was filed twenty-seven days after the verdict.